UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| 5150 PROCESSING LLC, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No.: |
| | ) | |
| 101 TOBACCO AND VAPE #8, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' NOTICE OF REMOVAL

PLEASE TAKE NOTICE that in accordance with 28 U.S.C. §§ 1441 and 1446(a), Defendants 101 Tobacco and Vape #8, Area 51 STL, Big Heads Gift Shop, Discount Smoke Station, Flare Smoke N Vape, Higher Daze Smoke Shop, House of Smoke, Kings Tobacco and Vape II, MD Night Owl Tobacco, One Love Smoke Shop, SC Tobacco, Sky Smoke and Vape Shops, Smoke Break, TFT Smokeshop, Tribble Vapors, Vapor 100, and Zaza Smoke Shop ("Removing Defendants"), by and through undersigned counsel, hereby remove the action *5150 Processing LLC, et al. v. 101 Tobacco and Vape #8, et al.*, Civil Action No. 26SL-CC00946 (the "Action"), from the Circuit Court of St. Louis County, Missouri, to the United States District Court for the Eastern District of Missouri. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1367, and 1441. In support of their removal, Defendants jointly state the following:

1. On January 23, 2026, Plaintiffs filed the Action in the Circuit Court of St. Louis County, Missouri. A copy of Plaintiffs' Petition is attached hereto as **Exhibit A**, with all other

process, pleadings, and orders served on Defendants in the Action, attached as **Exhibit B**, as required by 28 U.S.C. § 1446(a).

2. Removing Defendants were served on or after February 25, 2026.

3. Plaintiffs allege they are businesses operating marijuana cultivation, manufacturing, and/or retail stores in the St. Louis County area under licenses ("License(s)") issued to them by the Missouri Department of Health and Senior Services Division of Cannabis Regulation ("DCR").

4. Plaintiffs allege that Defendants sell high THC hemp in Missouri without a license from DCR. Plaintiffs claim that high THC hemp is a Schedule 1 Drug under federal law, despite the 2018 Farm Bill defining these products as Industrial Hemp pursuant to 7 U.S.C. § 1639o(1) and 21 U.S.C. § 802(16). According to Plaintiffs, because those exceptions do not apply to the products allegedly sold by Defendants, Defendants should be required to obtain Licenses from DCR, and their failure to do so constitutes unfair competition.

5. Defendants may remove to the appropriate federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).

6. The district courts have original jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The district courts' original jurisdiction also extends to state law claims that "derive from a common nucleus of operative fact such that the relationship between [the federal] claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional case." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164-65 (1997); *see also* 28 U.S.C. § 1367. Supplemental jurisdiction applies equally to cases removed to federal court as to cases initially filed there—a

removed case is necessarily one "of which the district courts . . . have original jurisdiction. *Id.* at 165 (quoting 28 U.S.C. § 1441(a)).

7. Federal question jurisdiction also exists over state-law claims that implicate significant federal issues. *See Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005) ("a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues.").

8. Here, there are at least two bases for federal question jurisdiction. First, Plaintiffs' sole count may be both a federal and a state cause of action, in which case this Court would have original jurisdiction over the federal cause of action and supplemental jurisdiction over the state cause of action. Second, even if Plaintiffs are only bringing a state cause of action, there would still be federal question jurisdiction because that state cause of action primarily turns on an important question of federal law.

**A. Plaintiffs' Petition Includes a Lanham Act Claim (Unless Disavowed by Plaintiffs)**

9. Plaintiffs' Petition only contains a single count for "Unfair Competition," which can arise under two potential causes of action: Missouri common law or the Lanham Act.

10. Missouri law recognizes a common law action for "unfair competition." *See, e.g., Am. Equity Mortg., Inc. v. Vinson*, 371 S.W.3d 62, 64 (Mo. Ct. App. 2012). At the federal level, the Lanham Act also creates a cause of action for "unfair competition." *See, e.g., POM Wonderful LLC v. Coca-Cola Co.*, 573 U.S. 102, 107 (2014). Importantly, because these causes of action are so similar, "[a] claim for unfair competition under Missouri law uses the same elements as a claim under the Lanham Act." *Dental Recycling N. Am., Inc. v. Stoma Ventures, LLC*, 4:23 CV 670 CDP,

2023 WL 6389071, at *3 (E.D. Mo. Oct. 2, 2023) (citing *Children's Factory, Inc. v. Benee's Toys, Inc.*, 160 F.3d 489, 491 n.2 (8th Cir. 1998)).

11.      Plaintiffs' Petition does not limit itself to only Missouri common law unfair competition. Thus, to the extent Plaintiffs' unfair competition claim could be construed to encompass a Lanham Act claim—a possibility the Petition does not foreclose—this Court would have original jurisdiction. *Gunn v. Minton*, 568 U.S. 251, 257 (2013). And since the state common law cause of action is based on the same facts and arguments as the federal cause of action, there is supplemental jurisdiction over the state cause of action for common law unfair competition. *City of Chicago*, 522 U.S. at 164-65.

**B. Plaintiffs' Missouri Common Law Unfair Competition Claim Independently Triggers Federal Question Jurisdiction.**

12.      Even if Plaintiffs disavow a claim under the Lanham Act, their common law claim hinges entirely on the question of whether the products at issue are a Schedule I Drug under federal law, and thus the claim still "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see also Grable & Sons Metal Products, Inc.*, 545 U.S. at 312.

13.      Whether by reference to definitions found in the federal 2018 Farm Bill (7 U.S.C. § 1639o(1) and 21 U.S.C. § 802(16)), as to "hemp," or to the Controlled Substances Act (21 U.S.C. § 812), as to "marijuana," Plaintiffs sole claim requires a determination of whether the products at issue are marijuana or hemp under federal law. If Defendants' products are classified as hemp, then under Plaintiffs' theory, there would be nothing unlawful about Defendants' practices.

14.      Accordingly, this Court has original jurisdiction under 28 U.S.C. § 1331, and therefore, removal is proper under 28 U.S.C. § 1441.

15.      Counsel for Removing Defendants has contacted all others whom they know have been properly joined and served in the Action. As of the date of this Notice, the following

Defendants beyond those represented by undersigned counsel have also confirmed their consent to this removal: Cloudz Smoke Shop, Exotic Smokes, Huff & Vape Tobacco, IPuff Vape CBD Delta 8, Quick 7, Studio 420, Xhale, Natural Life CBD, 510 Vapors – South City, and AIT3 Smoke. To counsel's knowledge, as of the date of this Notice, the remaining defendants have not been served in the Action (or will be dismissed from the matter pursuant to representations made by Plaintiffs' counsel - Up N Smoke Smokeshop).

WHEREFORE, Defendants respectfully remove this Action to the United States District Court for the Eastern District of Missouri.

Respectfully submitted,

The Schindler Law Firm, P.C.

*/s/ Joshua M. Schindler*
Joshua M. Schindler, Esq., Bar No. 37891
Brian P. Doty, Esq., Bar. No. 61391
7710 Carondelet Avenue, Suite 3333
Clayton, Missouri 63105
Phone: (314) 862-1701
Facsimile: (314) 862-1701

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 30, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record, and pursuant to 28 U.S.C. § 1446(d), a true and correct copy of the notice of removal was also filed with the Clerk of the Court in Civil Case No. 26SL-CC00946, which will serve notice upon all parties of record.

*/s/ Joshua M. Schindler*