EXHIBIT A

Electronically Filed - St Louis County - January 23, 2026 - 03:12 PM

# IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

5150 PROCESSING LLC,
AGRI-GENESIS LLC,
C4 LLC,
CPC OF MISSOURI LLC,
CPC OF MISSOURI-SMITHVILLE LLC,
THE FOREST ST LOUIS LLC,
HEYA EXCELLO CULTIVATION LLC,
MISSOURI WILD APOTHECARY LLC,
NATURE'S MED MO LLC,
NEW GROWTH HORIZON LLC,
NGH INVESTMENT LLC,
NIRVANA BLISS I LLC,
NIRVANA BLISS II LLC,
NIRVANA BLISS V LLC,
NODAWAY HOLDINGS LLC,
OCCIDENTAL GROUP INC.,
PROPER HOLDINGS LLC,
STANDARD WELLNESS MISSOURI LLC,
SUNRISE BEACH GP LLC,
TEAL LABS LLC, TEAL REMEDIES LLC
and VERTICAL ENTERPRISE LLC,

   *Plaintiffs*,

vs.

101 TOBACCO AND VAPE #8
2121 Charbonier Road
Florissant, MO 63031

510 VAPORS – SOUTH COUNTY
4530 Lemay Ferry Road, Suite N
St. Louis, MO 63129

AIT3 SMOKE
7844 Olive Boulevard
University City, MO 63130

AREA 51 STL
2938 Telegraph Road
St. Louis, MO 63125

Case No.: _____

Division No.: _____

1

Electronically Filed - St Louis County - January 23, 2026 - 03:12 PM

ASTROS SMOKE SHOP
5541 Telegraph Road
St. Louis, MO 63129

BIG HEADS GIFT SHOP
8326 Olive Boulevard
St. Louis, MO 63132

CLOUDZ SMOKE SHOP
6059 Telegraph Road
St. Louis, MO 63129

DISCOUNT SMOKE STATION
4350 Telegraph Road
St. Louis, MO 63129

EARTHLY CURE
7417 N. Lindbergh Boulevard
Hazelwood, MO 63042

EXOTIC SMOKES
9633 St. Charles Rock Road
Breckenridge Hills, MO 63114

FLARE SMOKE N VAPE
15224 Manchester Road
Ballwin, MO 63011

HIGHER DAZE SMOKE SHOP & BUD BAR
15505 Manchester Road
Ballwin, MO 63011

HOUSE OF SMOKE
11752 Manchester Road
Des Peres, MO 63131

HUFF & VAPE TOBACCO
739 N. US Highway 67
Florissant, MO 63031

IPUFF VAPE CBD DELTA 8
6330 Telegraph Road
St. Louis, MO 63129

Electronically Filed - St. Louis County - January 23, 2026 - 03:12 PM

J & J EXOTICS
2166 A N Waterford Drive
Florissant, MO 63033

KINGS TOBACCO AND VAPE II
122 S. County Center Way
St. Louis, MO 63129

MD NIGHT OWL TOBACCO
4235 Bayless Avenue
St. Louis, MO 63123

MD NIGHT OWL TOBACCO
4341 Telegraph Road
St. Louis, MO 63129

NATURAL LIFE CBD
2660 N. Highway 67
Florissant, MO 63033

NICS CBD AND VAPE
13084 Tesson Ferry Road
St. Louis, MO 63128

ONE LOVE SMOKE SHOP
12470 Old Halls Ferry Road
Blackjack, MO 63033

QUICK 7
501 Paul Avenue
Florissant, MO 63031

SC TOBACCO
3192 Telegraph Road
St. Louis, MO 63125

SKY SMOKE AND VAPE SHOPS
13216 Tesson Ferry Road
St. Louis, MO 63128

SMOKE BREAK
11732 W. Florissant Avenue
Florissant, MO 63033

SMOKE SAFE PREMIUM
514 N. Highway 67
Florissant, MO 63031

SMOKE ZONE SMOKE SHOP
14840 Manchester Road
Ballwin, MO 63011

STL SMOKESHOP
7211 N. Lindbergh Boulevard, Suite C
Hazelwood, MO 63042

STUDIO 420
111 Flower Valley Shopping Center
Florissant, MO 63033

TAMMY'S SMOKEVILLE
12761 New Halls Ferry Road
Florissant, MO 63033

TFT SMOKESHOP
11266 W. Florissant Avenue
Florissant, MO 63033

TRIBBLE VAPORS
6055 Telegraph Road
St. Louis, MO 63129

UP N SMOKE SMOKESHOP
11613 W. Florissant Avenue
Florissant, MO 63033

VAPOR 100
15065 Manchester Road
Ballwin, MO 63011

XHALE
8215 N. Lindbergh Boulevard
Florissant, MO 63031

and

ZAZA SMOKE SHOP
1042 Lemay Ferry Road
Lemay Township, MO 63125

*Defendants*.

## PETITION FOR DAMAGES AND INJUNCTIVE RELIEF

For their Petition against Defendants, Plaintiffs state:

### Nature of the Action

This action for damages and injunctive relief is brought pursuant to the Civil Code of Missouri by a coalition of state-licensed and strictly-regulated marijuana cultivators, manufacturers and dispensaries, and asserts that Defendants have committed and are committing the tort of Unfair Competition by actively, knowingly and purposefully trafficking in high THC marijuana and marijuana products at scale without a license and without regard to any of the applicable rules or regulations in violation of Missouri criminal law, Missouri Revised Statutes § 579.065, Trafficking in the First Degree, a Class A Felony.

### Parties

1. Plaintiffs are marijuana cultivation, product manufacturing and retail companies that grow, produce and sell marijuana and marijuana products in the St. Louis County, Missouri, area under licenses issued by and under the strict regulation of the Missouri Department of Health and Senior Services Division of Cannabis Regulation ("DCR").

5

2. Defendants are individuals or companies that are actively, knowingly and purposefully trafficking high THC marijuana and marijuana products disguised as industrial hemp to the St. Louis County, Missouri, public either online or through brick and mortar stores or both without a license from the state of Missouri and in total disregard of any applicable rules or regulations in violation of state criminal law.

**Jurisdiction and Venue**

3. This Court has personal jurisdiction over the Defendants under RSMo § 506.500.1 subsections (1) and (3) as all the Defendants have substantially engaged in the transaction of business within Missouri and have committed tortious acts within the state.

4. Venue is proper pursuant to RSMo § 508.010.4.

**Facts (The THCa Two-Step)**

5. Plaintiffs incorporate Paragraphs 1 through 4 as if restated here.

6. Defendants openly advertise high THCa "hemp" flower and other high THCa products for sale to the public in their stores and on their websites.

7. In the regulated marijuana industry, marijuana is grown for the maximization of THCa content. Any cannabis flower with a THCa percentage of 30% or above is categorized in the regulated marijuana industry as extremely potent and anyone smoking that flower will experience sizeable and intense psychoactive effects as a result. THCa "hemp" flower is just another name for marijuana. They are chemically identical.

8. But Defendants still claim they can sell high THCa flower in Missouri without a state license because they argue THCa flower falls under the term industrial "hemp" as defined by the federal 2018 Farm Bill, thus was accidentally exempted from classification

6

as marijuana under federal law, so it is legal for anyone (for example an ex-con) to sell to anyone else of any age (for example children).

9. This is false. The federal 2018 Farm Bill, specifically the sections enacted as 7 U.S.C. § 1639o (1) and 21 U.S.C. § 802(16), does exclude industrial "hemp" from the definition of marijuana and the Schedules of Controlled Substances in 21 U.S.C. § 812, and defines "hemp" as:

> [T]he plant Cannabis sativa L. and any part of that plant, including the seeds thereof and all derivatives, extracts, cannabinoids, isomers, acids, salts, and salts of isomers, whether growing or not, with a delta-9 tetrahydrocannabinol concentration of not more than 0.3 percent on a dry weight basis.

And Missouri has a substantively identical state-level statutory exemption for industrial hemp.

10. But under the Farm Bill and the law, the delta-9 tetrahydrocannabinol (delta-9 THC) content of cannabis is always measured *post* decarboxylation (the application of heat) to determine if it is marijuana because THCa <u>converts to delta 9 tetrahydrocannabinol when heated or burned</u>.

11. Part of the Farm Bill itself enacted as 7 U.S.C. § 1639q directs the U.S. Department of Agriculture – the regulatory body in charge of governing hemp production in the United States – to establish "a procedure for testing, <u>using post-decarboxylation</u> or other similarly reliable methods, delta-9 tetrahydrocannabinol concentration levels of hemp produced in [the U.S.]" (Underline added.)

7

12. And if there was any doubt, the U.S. Department of Justice Drug Enforcement Administration reiterated in mid-2024 that high THCa flower <u>is marijuana</u>, stating:

> In regards to THCA, Congress has directed that, when determining whether a substance constitutes hemp, the delta-9 THC concentration is to be tested "using post-decarboxylation or other similarly reliable methods."

*DEA Opinion Letter dated May 13, 2024* (quoting 7 U.S.C. § 1639p).

13. Further still, a year later, the Missouri Attorney General issued a cease-and-desist letter to several unlicensed THCa retailers in the state, saying the same thing:

> When determining the delta-9 THC level, the concentration is to be tested "using post-decarboxylation or other similar reliable methods."

*Missouri Attorney General Cease and Desist Letter dated May 14, 2025* (quoting 7 U.S.C. 1639p).

14. THCa converts to delta-9 THC when decarboxylated at a rate of 1 to .877.

15. Using this conversion rate, the THCa flower and products advertised by Defendants contains dozens of times the delta 9 THC legal limit for hemp post-decarboxylation and is categorized under state and federal law, specifically Missouri Revised Statutes § 195.010 and Title 21 Section 802 of the United States Code, as marijuana.

16. The Defendants know they are selling marijuana to the public but rely on this THCa dance to confuse courts and legislators.

17. The reality is, Defendants are actively, knowingly and purposefully engaged in the large-scale trafficking of a controlled substance to the public without a license in

8

violation of Missouri's criminal code, specifically Missouri Revised Statutes § 579.065, Trafficking in the First Degree, a Class A Felony.

<strong>Count 1 – Unfair Competition</strong>

18. Plaintiffs incorporate Paragraphs 1 through 19 as if restated here.

19. No marijuana or marijuana product may be sold in Missouri under the law without a license issued by DCR.

20. The annual fee for a Missouri marijuana cultivation license is $28,138.09.

21. The annual fee for a Missouri marijuana product manufacturing license or marijuana retail license is $11,255.23.

22. In addition to these annual fees, licensed marijuana operators also must pay a license renewal fee every three years. The license renewal fee for cultivations is $13,506.28. The license renewal fee for a product manufacturing license or retail license is $7,878.66.

23. In addition to sales tax, all licensed marijuana retailers in Missouri must also pay an excise tax of six percent on the retail sale of all marijuana or marijuana products.

24. All marijuana and marijuana products sold at a licensed retailer are required to be tested in lots of limited size by a state licensed and approved laboratory. The average compliance test costs $400 per lot and licensed Missouri facilities spend millions of dollars on compliance testing every year.

25. Licensed marijuana facilities are required to acquire, install and maintain technologically advanced and comprehensive security technology systems that represent an initial and ongoing cost of hundreds of thousands of dollars per system.

Electronically Filed - St Louis County - January 23, 2026 - 03:12 PM

26. Licensed marijuana retailers cannot deliver to consumers except under specific circumstances and only with laborious administrative procedures and only using delivery vehicles equipped with multiple HD cameras, GPS and security cages and vaults costing tens of thousands of dollars or more. These restrictions on deliveries cost licensees hundreds of thousands of dollars in sales a year.

27. Marijuana licensees cannot take credit cards resulting in the loss of hundreds of thousands of dollars in sales per store per year.

28. All marijuana licensees must track and weigh every individual marijuana seed, clone, plant, plant-derivative, plant waste, raw material, partially processed material, and final product with state certified scales and one-time use RFID plant and product tags in real time and using Missouri's METRC seed to sale tracking system along with supplemental inventory software systems all costing hundreds of thousands of dollars per year.

29. All the costs described above are mandatory for participation in the regulated marijuana market in Missouri. The Defendants do not pay any of these costs despite marketing and selling high THC marijuana and marijuana products. For example, Defendants take credit cards, do not pay any excise tax, do not track the marijuana they sell from seed to sale, do not test products at a state licensed testing facility, do not have or maintain advanced security technology systems, and ship their high THC marijuana and marijuana products directly to consumers by way of FEDEX and deliver directly to consumers via third-party delivery services such as Instacart, Uber Eats and Door Dash.

10

30. Defendants wrongfully avoid all the costs of participation in the Missouri regulated market described above by disguising high THC marijuana and marijuana products as industrial hemp when none of those products meet the definition of industrial hemp in any way under the law.

31. Disguising high THC marijuana and marijuana products as industrial hemp to avoid all the costs and restrictions of the legally regulated market in Missouri and gain an unfair competitive advantage is a deceptive trade practice and constitutes actionable Unfair Competition under Missouri tort law.

32. Plaintiffs have been damaged by Defendants' deceptive trade practices and Unfair Competition in that Plaintiffs have spent millions of dollars and lost millions of dollars in sales complying with laws and regulations that the Defendants completely ignore.

33. Defendants continued complete disregard for the requirements of the law has caused Plaintiffs irreparable harm and left Plaintiffs with no adequate remedy at law.

34. The Defendants willfully, wantonly, and maliciously injured Plaintiffs by their tortious acts.

WHEREFORE, Plaintiffs pray for an award of money damages including punitive damages in an amount that is fair and reasonable in excess of $75,000, along with the costs of this action, and a permanent injunction barring the Defendants from marketing, distributing or selling any marijuana or marijuana product in Missouri, including THCa flower or THCa products with a post-decarboxylation delta 9 tetrahydrocannabinol content of .3 percent or more by dry weight.

Electronically Filed - St Louis County - January 23, 2026 - 03:12 PM

Respectfully submitted,

Joseph Hollander & Craft LLC
*Attorneys for Plaintiffs*

By: /s/ Christopher M. McHugh (51260)
cmchugh@josephhollander.com
926 Cherry Street
Kansas City, MO 64106
P: (816) 673-3900