**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI, EASTERN DIVISION**

<table>
<tr>
<td>

5150 PROCESSING LLC,
AGRI-GENESIS LLC,
C4 LLC,
CPC OF MISSOURI LLC,
CPC OF MISSOURI-SMITHVILLE LLC,
THE FOREST ST LOUIS LLC,
HEYA EXCELLO CULTIVATION LLC,
MISSOURI WILD APOTHECARY LLC,
NATURE'S MED MO LLC,
NEW GROWTH HORIZON LLC,
NGH INVESTMENT LLC,
NIRVANA BLISS I LLC,
NIRVANA BLISS II LLC,
NIRVANA BLISS V LLC,
NODAWAY HOLDINGS LLC,
OCCIDENTAL GROUP INC.,
PROPER HOLDINGS LLC,
STANDARD WELLNESS MISSOURI LLC,
SUNRISE BEACH GP LLC,
TEAL LABS LLC,
TEAL REMEDIES LLC
and VERTICAL ENTERPRISE LLC,

*Plaintiffs*,

vs.

101 TOBACCO AND VAPE #8,
510 VAPORS – SOUTH COUNTY,
AIT3 SMOKE,
AREA 51 STL,
ASTROS SMOKE SHOP,
BIG HEADS GIFT SHOP,
CLOUDZ SMOKE SHOP,
DISCOUNT SMOKE STATION,
EARTHLY CURE,
EXOTIC SMOKES,
FLARE SMOKE N VAPE,
HIGHER DAZE SMOKE SHOP & BUD BAR,
HOUSE OF SMOKE,

</td>
<td>

Case No.: 4:26-cv-00460-ZMB

</td>
</tr>
</table>

HUFF & VAPE TOBACCO,
IPUFF VAPE CBD DELTA 8,
J & J EXOTICS,
KINGS TOBACCO AND VAPE II,
MD NIGHT OWL TOBACCO (*Bayless Ave.*),
MD NIGHT OWL TOBACCO (*Telegraph Rd.*),
NATURAL LIFE CBD,
NICS CBD AND VAPE,
ONE LOVE SMOKE SHOP,
QUICK 7,
SC TOBACCO,
SKY SMOKE AND VAPE SHOPS,
SMOKE BREAK,
SMOKE SAFE PREMIUM,
SMOKE ZONE SMOKE SHOP,
STL SMOKESHOP,
STUDIO 420,
TAMMY'S SMOKEVILLE,
TFT SMOKESHOP,
TRIBBLE VAPORS,
VAPOR 100,
XHALE,
and ZAZA SMOKE SHOP

> *Defendants*.

# AMENDED COMPLAINT

For their Amended Complaint against Defendants, Plaintiffs state:

## Parties

1.  Plaintiffs are marijuana cultivators, product manufacturers and retail stores in Missouri that grow, produce, distribute and sell marijuana and marijuana products under licenses issued by and under the strict regulation and oversight of the Missouri Dept. of Health and Senior Services Division of Cannabis Regulation ("DCR").

2

2. Defendants are sole proprietorships and other entities actively, knowingly and purposefully engaged in the large-scale trafficking of high THC marijuana and marijuana products disguised as industrial hemp to the Missouri public, either online or through one or more brick-and-mortar locations or both, without a license and without any regulation or oversight in violation of Missouri Revised Statutes § 579.065, Trafficking in the First Degree, a Class A felony.

## Jurisdiction and Venue

3. This Court has original federal question subject matter jurisdiction over Count 1 pursuant to 28 U.S.C. § 1331 as that claim arises under the laws of the United States, specifically, 15 U.S.C. § 1125(a)(1)(B).

4. The Court has supplemental jurisdiction over the state law claim in Count 2 pursuant to 28 U.S.C. § 1367 because that claim is so related to Count 1 that together they form part of the same case or controversy.

5. Venue is proper under 28 U.S.C. § 1441(a) as this case was originally filed in state court in the Circuit Court of St. Louis County, Missouri, and unanimously removed by the Defendants to this Court which is the district court of the United States for the district and division embracing the place where the original action was pending in state court.

## Facts Common to All Defendants

### I. THCa

6. Tetrahydrocannabinolic acid ("THCa") is the natural key active ingredient in marijuana flower. THCa is the acidic precursor to delta-9 tetrahydrocannabinol ("delta-9

3

THC"). When heated or smoked, THCa converts to delta-9 THC and when ingested by a human causes substantial psychoactive effects including the feeling of being "high." This is how marijuana consumption works and has worked for thousands of years.

7.    In the state-licensed and regulated marijuana industry, marijuana is grown for the maximization of THCa content. Any cannabis flower with a THCa percentage of 30% or above is categorized in the regulated marijuana industry as extremely potent and anyone smoking that flower will experience sizeable psychoactive effects as a result.

## II. Licensing and Regulation

8.    Under Missouri law, only state-licensed entities are allowed to engage in the cultivation, manufacturing and wholesale and retail sale of marijuana flower or marijuana products. These licensed entities operate under the strict legal requirements and oversight of the DCR.

9.    The annual fee for a Missouri marijuana cultivation license is $28,138.09.

10.    The annual fee for a Missouri marijuana product manufacturing license or marijuana retail license is $11,255.23.

11.    Over and above these annual fees, licensed marijuana operators also must pay a license renewal fee every three years. The license renewal fee for cultivations is $13,506.28. The license renewal fee for a product manufacturing license or retail license is $7,878.66.

12.    In addition to sales tax, all licensed marijuana retailers in Missouri must also pay an excise tax of 6% on the retail sale of all marijuana or marijuana products.

13. All marijuana and marijuana products sold at a licensed retailer are required to be tested in lots of limited size by a state licensed and approved laboratory. The average compliance test costs $400 per lot and licensed Missouri facilities spend millions of dollars on compliance testing every year.

14. Licensed marijuana facilities are required to acquire, install and maintain technologically advanced and comprehensive security camera and technology systems that represent an initial and ongoing cost of hundreds of thousands of dollars per system.

15. Licensed marijuana retailers cannot deliver to consumers except under specific circumstances and only with laborious administrative procedures using delivery vehicles equipped with multiple HD cameras, GPS and security cages and vaults costing tens of thousands of dollars or more. These restrictions on deliveries cost licensees millions of dollars in sales and lost customers and market share a year.

16. Marijuana licensees cannot take credit cards resulting in the loss of hundreds of thousands of dollars in sales, customers and market share per store per year.

17. To prevent diversion from or to the illicit market, all marijuana licensees must track and weigh every individual marijuana seed, clone, plant, plant-derivative, plant waste, raw material, partially processed material, and final product with state certified scales and one-time use RFID plant and product tags in real time and using Missouri's METRC seed to sale tracking system along with supplemental inventory software systems all costing millions of dollars per year in equipment, labor, time and lost production.

18. Every requirement listed above is mandatory for participation in the regulated marijuana market in Missouri.

19.    The cultivation, production, sale or possession of marijuana with intent to sell in Missouri without a state-issued license is a Class A felony.

20.    Under federal law, marijuana is a Schedule I Controlled Substance unless it is marijuana or products containing marijuana cultivated, manufactured or sold under a Qualifying State-issued License, which means "marijuana *in any form* covered by a state medical marijuana license." U.S. Attorney General Order on Rescheduling of Food and Drug Administration Approved Products Containing Marijuana and Products Containing Marijuana Subject to a Qualifying State-issued License, April 23, 2026 (emphasis added).

21.    The state-issued marijuana cultivation, manufacturing, and retail licenses held by Plaintiffs, called Missouri Marijuana Comprehensive Licenses, are Qualifying State-issued Licenses under federal law as they authorize Plaintiffs to cultivate, manufacture and/or sell marijuana and marijuana products to both medical marijuana patients and the adult (21+) public. *See* 19 CSR 100-1.010(13) (defining Comprehensive dispensary license as "an entity licensed by the department to engage in the process of dispensing marijuana product for medical or adult use at a comprehensive marijuana dispensary facility").

### III. The 2018 Farm Bill

22.    Defendants advertise high THCa "hemp" flower and other high THCa products for sale to the public in their stores and on their websites. Many of the THCa flower and THCa products promoted and sold by Defendants are advertised as containing over 30% THCa by dry weight.

6

23. The THCa flower and other THCa products the Defendants promote and sell to the public as hemp are in fact marijuana. They are chemically identical to each other.

24. Defendants promote and advertise their THCa flower and THCa products to the public as having the same psychoactive effects as marijuana when heated or smoked.

25. Defendants promote and advertise to the public the fact that THCa converts to delta-9 THC when heated or smoked.

26. Defendants hold no license and do not comply with any of the mandatory restrictions and requirements for participation in the Missouri regulated marijuana market. They take credit cards, pay no licensing fee, do not pay any excise tax, do not track the marijuana they sell from seed to sale, do not test products at a state licensed testing facility, do not have or maintain advanced technology camera and security systems, ship high THC marijuana and marijuana products directly to consumers via FEDEX and UPS, and deliver high THC marijuana and marijuana products directly to consumers by way of third-party delivery services such as Instacart, Uber Eats and Door Dash.

27. Defendants claim they are allowed by law to sell high THCa flower and THCa products in Missouri without a state-issued license or any regulation or oversight because they argue THCa flower and THCa products fall under the term industrial "hemp" as defined by the federal 2018 Farm Bill and as a result were accidentally exempted from classification as a Schedule I Controlled Substance under federal and state law.

IV. Misrepresentation in Commercial Advertising and Promotion

28.    In commercial advertising and promotion, Defendants state that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill. This is a false and misleading representation of fact.

29.    The Farm Bill, specifically the pieces enacted as 7 U.S.C. § 1639o(1) and 21 U.S.C. § 802(16), excludes industrial hemp from the definition of marijuana and the Schedules of Controlled Substances in 21 U.S.C. § 812, and defines hemp as:

> [T]he plant Cannabis sativa L. and any part of that plant, including the seeds thereof and all derivatives, extracts, cannabinoids, isomers, acids, salts, and salts of isomers, whether growing or not, with a delta-9 tetrahydrocannabinol concentration of not more than 0.3 percent on a dry weight basis.

30.    Missouri has a substantively identical state-level statutory exemption for industrial hemp.

31.    Defendants claim THCa flower and THCa products fall within the legal definition of hemp because these products contain a delta-9 THC concentration of less than 0.3% by dry weight before heated or smoked.

32.    However, under the federal Farm Bill and Missouri state law, the delta-9 THC content of cannabis is measured *post* decarboxylation (the application of heat) to determine if it is marijuana and thus a Schedule I Controlled Substance.

33.    Part of the Farm Bill enacted as 7 U.S.C. § 1639q directs the U.S. Department of Agriculture – the regulatory body in charge of governing hemp production in the United States – to establish "a procedure for testing, *using post-decarboxylation* or other similarly

8

reliable methods, delta-9 tetrahydrocannabinol concentration levels of hemp produced in [the U.S.]" (Emphasis added.)

34. The reason delta-9 THC content is measured post-decarboxylation is THCa converts to delta-9 THC when heated or smoked at a rate of 1 to .877.

35. Using this conversion rate, the 30% THCa flower promoted, advertised and sold by Defendants would contain over 26% delta-9 THC post-decarboxylation or over 85 times the legal limit for hemp, and is a Schedule I Controlled Substance under state and federal law, specifically Missouri Revised Statutes § 195.010 and Title 21 Section 802 of the United States Code.

36. Under federal law, THCa flower and THCa products are not hemp but marijuana and a Schedule I Controlled Substance if cultivated, manufactured, distributed or sold without a Qualifying State-issued License.

37. In mid 2024, the U.S. Dept. of Justice Drug Enforcement Administration ("DEA") reiterated in an opinion letter issued by its Chief of Drug & Chemical Evaluation that high THCa flower and THCa products are not hemp but marijuana and a Schedule I Controlled Substance under federal law. DEA Opinion Letter dated May 13, 2024.

38. The opinion letter was in response to a request to know "the control status of tetrahydrocannabinolic acid (THCA) under the Controlled Substances Act (CSA)." DEA Opinion Letter p. 1. The letter concluded:

> In regards to THCA, Congress has directed that, when determining whether a substance constitutes hemp, the delta-9 THC concentration is to be tested "using post-decarboxylation or other similarly reliable methods." 7 U.S.C. § 1639p(a)(2)(A)(ii); 7 U.S.C. § 1639q(a)(2)(B). The "decarboxylation" process converts delta-9-THCA to delta-9-THC. Thus, for the purposes of

enforcing the hemp definition, the delta-9-THC level must account for any delta-9-THCA in a substance. Accordingly, cannabis-derived THCA does not meet the definition of hemp under the CSA because upon conversion for identification purposes as required by Congress, it is equivalent to delta-9-THC.

DEA Opinion Letter p. 1-2.

39. Under Missouri state law, THCa flower and THCa products are not hemp but marijuana and the cultivation, manufacture, distribution or sale of THCa flower or THCa products is illegal in Missouri without a license issued by the DCR.

40. In May 2025, the Missouri Attorney General issued cease-and-desist letters to several THCa retailers in the state including some of the Defendants. The letter stated in part:

> You are hereby directed to cease and desist from selling or offering for sale all hemp products with delta-9-tetrahydrocannabilic acid (delta-9-THCA) concentrations of more than .3 percent on a dry weight basis. The Controlled Substances Act (CSA) classifies tetrahydrocannabinols in schedule I. 21 U.S.C. § 812; 21 CFR 1308.11(d)(31). Selling or offering for sale said intoxicating hemp products constitutes a potential violation of the Missouri Merchandising Practices Act ("MMPA") under Chapter 407, Revised Statutes of Missouri.
>
> The Attorney General has the authority to enforce the MMPA, which prohibits unfair practices in connection with the sale of merchandise. Your sale of hemp products, or offer to sell hemp products, with delta-9-THCA levels greater than .3 percent (1) constitutes an unfair practice as you have violated the public policy of the State, and (2) presents a risk of substantial injury to Missouri consumers. When determining the delta-9-THC level, the concentration is to be tested "using post-decarboxylation or other similar reliable methods." 7 U.S.C. § 1639p(a)(2). The decarboxylation process converts delta-9-THCA to delta-9-THC, meaning the delta-9-THC concentration of hemp products must account for any present delta-9-THCA. As a result, cannabis-derived THCA does not meet the definition of hemp under the CSA and is the equivalent of delta-9-THC.

Missouri Attorney General Cease-and-Desist Letter dated May 14, 2025.

41.   In March 2026, the Missouri Attorney General issued another cease-and-desist letter to 33 THCa retailers in Missouri including Defendants AREA51 STL and Flare Smoke N Vape. That letter stated in part:

> [Although] "industrial hemp" is excluded from the definition of marijuana, under both current Missouri and federal law, this exception does not allow for the sale of your intoxicating hemp-derived products. Products with more than a 0.3% concentration of delta-9 THC on a dry weight basis is considered marijuana. When determining the delta-9 THC level, the concentration is to be tested "using post-decarboxylation or other similar reliable methods." 7 U.S.C. § 1639p(a)(2); and see Laboratory Testing Guidelines U.S. Domestic Hemp Production Program, USDA, (webpage IP address citation omitted). The decarboxylation process converts THCA to delta-9 THC, meaning the delta-9 THC concentration of hemp products must account for any present THCA. Further, to test the "dry weight basis" one must, first, remove all moisture from a product, then evaluate the concentrate of delta-9 THC as against, at least, the dry-weight of the product. Following these testing guidelines your intoxicating hemp-derived products would qualify as marijuana.
>
> The Attorney General has the authority to enforce the MMPA, which prohibits unfair practices in connection with the sale of merchandise. Your sale of marijuana without a license constitutes a violation of Missouri law and public policy and presents a risk of substantial injury to Missouri consumers and, thus, is an unfair practice in violation of the MMPA.

Missouri Attorney General Cease and Desist Letter dated March 23, 2026.

42.   Defendants are actively, knowingly and purposefully engaged in the large-scale trafficking of a Schedule I Controlled Substance to the public without a state-issued license in violation of Missouri's criminal code, specifically Missouri Revised Statutes § 579.065, Trafficking in the First Degree, a Class A Felony, a fact Defendants hide from the public by falsely claiming in commercial advertising and promotion that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill.

**Defendant 101 Tobacco and Vape #8**

43.   Defendant 101 Tobacco and Vape #8 ("101 Tobacco") owns and operates a chain of brick-and-mortar locations in Missouri under the name 101 Tobacco and Vape for the purpose of advertising, promoting, distributing and selling cannabis flower and products including THCa flower and THCa products to the public.

44.   Many of the THCa flower and products promoted and sold by 101 Tobacco are advertised by 101 as containing over 30% THCa by dry weight.

45.   The THCa flower and other THCa products that 101 Tobacco advertises, promotes and sells to the public as hemp are in fact marijuana. They are chemically identical to each other.

46.   101 Tobacco promotes and advertises THCa flower and THCa products to the public as having the same psychoactive effects as marijuana when heated or smoked.

47.   101 Tobacco promotes and advertises to the public the fact that THCa converts to delta-9 THC when heated or smoked.

48.   Under Missouri law, only state-licensed entities are allowed to engage in the cultivation, manufacturing, distribution and sale of marijuana or marijuana products.

49.   The legal requirements for participation in the regulated Missouri marijuana market are numerous and mandatory.

50.   The cultivation, production, distribution, sale or possession with intent to sell of marijuana in Missouri without a state-issued license is a Class A felony.

51.   101 Tobacco holds no license authorizing it to engage in any way in the cultivation, manufacture, distribution or sale of marijuana, anywhere at any time.

52. 101 Tobacco does not comply with or meet any of the qualifications, restrictions or requirements for participation in the Missouri regulated marijuana market. It takes credit cards, pays no licensing fee, does not pay any excise tax, does not track the marijuana it sells from seed to sale, does not test products at a state licensed testing facility, does not have or maintain advanced security camera and technology systems, and delivers directly to consumers via third-party delivery services such as Instacart, Uber Eats and Door Dash.

53. In commercial advertising and promotion including on its product packaging, 101 Tobacco states that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill. This is a false and misleading representation of fact.

54. The THCa flower and THCa products that 101 Tobacco advertises, promotes, distributes and sells to the Missouri public are not hemp but marijuana under federal law and Missouri state law.

55. 101 Tobacco is actively, knowingly and purposefully engaged in the large-scale trafficking of a Schedule I Controlled Substance to the public without a state-issued license in violation of Missouri's criminal code, specifically Missouri Revised Statutes § 579.065, Trafficking in the First Degree, a Class A Felony, a fact that 101 Tobacco hides from the public by falsely claiming in commercial advertising and promotion that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill.

**Defendant 510 Vapors – South County**

56.     Defendant 510 Vapors – South County ("510 Vapors") owns and operates a brick-and-mortar location in St. Louis, Missouri, under the name 510 Vapors for the purpose of advertising, promoting, selling and otherwise distributing cannabis flower and products including THCa flower and THCa products to the public.

57.     Many of the THCa flower and products promoted and sold by 510 Vapors are advertised by 510 Vapors as containing over 30% THCa by dry weight.

58.     The THCa flower and other THCa products that 510 Vapors advertises, promotes and sells to the public as hemp are in fact marijuana. They are chemically identical to each other.

59.     510 Vapors promotes and advertises THCa flower and THCa products to the public as having the same psychoactive effects as marijuana when heated or smoked.

60.     510 Vapors promotes and advertises to the public the fact that THCa converts to delta-9 THC when heated or smoked.

61.     Under Missouri law, only state-licensed entities are allowed to engage in the cultivation, manufacturing, distribution and sale of marijuana or marijuana products.

62.     The legal requirements for participation in the regulated Missouri marijuana market are numerous and mandatory.

63.     The cultivation, production, distribution, sale or possession with intent to sell of marijuana in Missouri without a state-issued license is a Class A felony.

64.     510 Vapors holds no license authorizing it to engage in any way in the cultivation, manufacture, distribution or sale of marijuana, anywhere at any time.

14

65.    510 Vapors does not comply with or meet any of the qualifications, restrictions or requirements for participation in the Missouri regulated marijuana market. It takes credit cards, pays no licensing fee, does not pay any excise tax, does not track the marijuana it sells from seed to sale, does not test products at a state licensed testing facility, does not have or maintain advanced security camera and technology systems, and delivers directly to consumers via third-party delivery services such as Instacart, Uber Eats and Door Dash.

66.    In commercial advertising and promotion including on its product packaging, 510 Vapors states that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill. This is a false and misleading representation of fact.

67.    The THCa flower and THCa products that 510 Vapors advertises, promotes, distributes and sells to the Missouri public are not hemp but marijuana under federal law and Missouri state law.

68.    510 Vapors is actively, knowingly and purposefully engaged in the large-scale trafficking of a Schedule I Controlled Substance to the public without a state-issued license in violation of Missouri's criminal code, specifically Missouri Revised Statutes § 579.065, Trafficking in the First Degree, a Class A Felony, a fact that 510 Vapors hides from the public by falsely claiming in commercial advertising and promotion that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill.

**Defendant AIT3 Smoke**

69.    Defendant AIT3 Smoke owns and operates a brick-and-mortar location in University City, Missouri, for the purpose of advertising, promoting, selling and otherwise

15

distributing cannabis flower and products including THCa flower and THCa products to the public.

70. Many of the THCa flower and products promoted and sold by AIT3 Smoke are advertised by AIT3 Smoke as containing over 30% THCa by dry weight.

71. The THCa flower and other THCa products that AIT3 Smoke advertises, promotes and sells to the public as hemp are in fact marijuana. They are chemically identical to each other.

72. AIT3 Smoke promotes and advertises THCa flower and THCa products to the public as having the same psychoactive effects as marijuana when heated or smoked.

73. AIT3 Smoke promotes and advertises to the public the fact that THCa converts to delta-9 THC when heated or smoked.

74. Under Missouri law, only state-licensed entities are allowed to engage in the cultivation, manufacturing, distribution and sale of marijuana or marijuana products.

75. The legal requirements for participation in the regulated Missouri marijuana market are numerous and mandatory.

76. The cultivation, production, distribution, sale or possession with intent to sell of marijuana in Missouri without a state-issued license is a Class A felony.

77. AIT3 Smoke holds no license authorizing it to engage in any way in the cultivation, manufacture, distribution or sale of marijuana, anywhere at any time.

78. AIT3 Smoke does not comply with or meet any of the qualifications, restrictions or requirements for participation in the Missouri regulated marijuana market. It takes credit cards, pays no licensing fee, does not pay any excise tax, does not track the

16

marijuana it sells from seed to sale, does not test products at a state licensed testing facility, does not have or maintain advanced security camera and technology systems, and delivers directly to consumers via third-party delivery services such as Instacart, Uber Eats and Door Dash.

79.    In commercial advertising and promotion including on its product packaging, AIT3 Smoke states that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill. This is a false and misleading representation of fact.

80.    The THCa flower and THCa products that AIT3 Smoke advertises, promotes, distributes and sells to the Missouri public are not hemp but marijuana under federal law and Missouri state law.

81.    AIT3 Smoke is actively, knowingly and purposefully engaged in the large-scale trafficking of a Schedule I Controlled Substance to the public without a state-issued license in violation of Missouri's criminal code, specifically Missouri Revised Statutes § 579.065, Trafficking in the First Degree, a Class A Felony, a fact that hides from the public by falsely claiming in commercial advertising and promotion that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill.

**Defendant AREA 51 STL**

82.    Defendant AREA 51 STL ("AREA 51") owns and operates a brick-and-mortar location in St. Louis, Missouri, for the purpose of advertising, promoting, selling and otherwise distributing cannabis flower and products including THCa flower and THCa products to the public.

17

83. Many of the THCa flower and products promoted and sold by AREA 51 are advertised by AREA 51 as containing over 30% THCa by dry weight.

84. The THCa flower and other THCa products that AREA 51 advertises, promotes and sells to the public as hemp are in fact marijuana. They are chemically identical to each other.

85. AREA 51 promotes and advertises THCa flower and THCa products to the public as having the same psychoactive effects as marijuana when heated or smoked.

86. AREA 51 promotes and advertises to the public the fact that THCa converts to delta-9 THC when heated or smoked.

87. Under Missouri law, only state-licensed entities are allowed to engage in the cultivation, manufacturing, distribution and sale of marijuana or marijuana products.

88. The legal requirements for participation in the regulated Missouri marijuana market are numerous and mandatory.

89. The cultivation, production, distribution, sale or possession with intent to sell of marijuana in Missouri without a state-issued license is a Class A felony.

90. AREA 51 holds no license authorizing it to engage in any way in the cultivation, manufacture, distribution or sale of marijuana, anywhere at any time.

91. AREA 51 does not comply with or meet any of the qualifications, restrictions or requirements for participation in the Missouri regulated marijuana market. It takes credit cards, pays no licensing fee, does not pay any excise tax, does not track the marijuana it sells from seed to sale, does not test products at a state licensed testing facility, does not

have or maintain advanced security camera and technology systems, and delivers directly to consumers via third-party delivery services such as Instacart, Uber Eats and Door Dash.

92.    In commercial advertising and promotion including on its product packaging, AREA 51 states that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill. This is a false and misleading representation of fact.

93.    The THCa flower and THCa products that AREA 51 advertises, promotes, distributes and sells to the Missouri public are not hemp but marijuana under federal law and Missouri state law.

94.    AREA 51 is actively, knowingly and purposefully engaged in the large-scale trafficking of a Schedule I Controlled Substance to the public without a state-issued license in violation of Missouri's criminal code, specifically Missouri Revised Statutes § 579.065, Trafficking in the First Degree, a Class A Felony, a fact that AREA 51 hides from the public by falsely claiming in commercial advertising and promotion that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill.

95.    In March 2026, the Missouri Attorney General issued a cease-and-desist letter to AREA 51 stating that sales of THCa flower and THCa products by AREA 51 were in violation of Missouri's laws, rules and regulations on the sale of marijuana.

**Defendant Astros Smoke Shop**

96.    Defendant Astros Smoke Shop ("Astros") owns and operates a brick-and-mortar location in St. Louis, Missouri, for the purpose of advertising, promoting, selling

19

and otherwise distributing cannabis flower and products including THCa flower and THCa products to the public.

97. Many of the THCa flower and products promoted and sold by Astros are advertised by Astros as containing over 30% THCa by dry weight.

98. The THCa flower and other THCa products that Astros advertises, promotes and sells to the public as hemp are in fact marijuana. They are chemically identical to each other.

99. Astros promotes and advertises THCa flower and THCa products to the public as having the same psychoactive effects as marijuana when heated or smoked.

100. Astros promotes and advertises to the public the fact that THCa converts to delta-9 THC when heated or smoked.

101. Under Missouri law, only state-licensed entities are allowed to engage in the cultivation, manufacturing, distribution and sale of marijuana or marijuana products.

102. The legal requirements for participation in the regulated Missouri marijuana market are numerous and mandatory.

103. The cultivation, production, distribution, sale or possession with intent to sell of marijuana in Missouri without a state-issued license is a Class A felony.

104. Astros holds no license authorizing it to engage in any way in the cultivation, manufacture, distribution or sale of marijuana, anywhere at any time.

105. Astros does not comply with or meet any of the qualifications, restrictions or requirements for participation in the Missouri regulated marijuana market. It takes credit cards, pays no licensing fee, does not pay any excise tax, does not track the marijuana it

sells from seed to sale, does not test products at a state licensed testing facility, does not have or maintain advanced security camera and technology systems, and delivers directly to consumers via third-party delivery services such as Instacart, Uber Eats and Door Dash.

106.  In commercial advertising and promotion including on its product packaging, Astros states that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill. This is a false and misleading representation of fact.

107.  The THCa flower and THCa products that Astros advertises, promotes, distributes and sells to the Missouri public are not hemp but marijuana under federal law and Missouri state law.

108.  Astros is actively, knowingly and purposefully engaged in the large-scale trafficking of a Schedule I Controlled Substance to the public without a state-issued license in violation of Missouri's criminal code, specifically Missouri Revised Statutes § 579.065, Trafficking in the First Degree, a Class A Felony, a fact that Astros hides from the public by falsely claiming in commercial advertising and promotion that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill.

**Defendant Big Heads Gift Shop**

109.  Defendant Big Heads Gift Shop ("Big Heads") owns and operates multiple brick-and-mortar locations in Missouri under the name Big Heads for the purpose of advertising, promoting, selling and otherwise distributing cannabis flower and products including THCa flower and THCa products to the public.

21

110.   Many of the THCa flower and products promoted and sold by Big Heads are advertised by Big Heads as containing over 30% THCa by dry weight.

111.   The THCa flower and other THCa products that Big Heads advertises, promotes and sells to the public as hemp are in fact marijuana. They are chemically identical to each other.

112.   Big Heads promotes and advertises THCa flower and THCa products to the public as having the same psychoactive effects as marijuana when heated or smoked.

113.   Big Heads promotes and advertises to the public the fact that THCa converts to delta-9 THC when heated or smoked.

114.   Under Missouri law, only state-licensed entities are allowed to engage in the cultivation, manufacturing, distribution and sale of marijuana or marijuana products.

115.   The legal requirements for participation in the regulated Missouri marijuana market are numerous and mandatory.

116.   The cultivation, production, distribution, sale or possession with intent to sell of marijuana in Missouri without a state-issued license is a Class A felony.

117.   Big Heads holds no license authorizing it to engage in any way in the cultivation, manufacture, distribution or sale of marijuana, anywhere at any time.

118.   Big Heads does not comply with or meet any of the qualifications, restrictions or requirements for participation in the Missouri regulated marijuana market. It takes credit cards, pays no licensing fee, does not pay any excise tax, does not track the marijuana it sells from seed to sale, does not test products at a state licensed testing facility, does not

22

have or maintain advanced security camera and technology systems, and delivers directly to consumers via third-party delivery services such as Instacart, Uber Eats and Door Dash.

119.   In commercial advertising and promotion including on its product packaging, Big Heads states that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill. This is a false and misleading representation of fact.

120.   The THCa flower and THCa products that Big Heads advertises, promotes, distributes and sells to the Missouri public are not hemp but marijuana under federal law and Missouri state law.

121.   Big Heads is actively, knowingly and purposefully engaged in the large-scale trafficking of a Schedule I Controlled Substance to the public without a state-issued license in violation of Missouri's criminal code, specifically Missouri Revised Statutes § 579.065, Trafficking in the First Degree, a Class A Felony, a fact that Big Heads hides from the public by falsely claiming in commercial advertising and promotion that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill.

**Defendant Cloudz Smoke Shop**

122.   Defendant Cloudz Smoke Shop ("Cloudz") owns and operates a brick-and-mortar location in St. Louis, Missouri, for the purpose of advertising, promoting, selling and otherwise distributing cannabis flower and products including THCa flower and THCa products to the public.

123.   Many of the THCa flower and products promoted and sold by Cloudz are advertised by Cloudz as containing over 30% THCa by dry weight.

23

124. The THCa flower and other THCa products that Cloudz advertises, promotes and sells to the public as hemp are in fact marijuana. They are chemically identical to each other.

125. Cloudz promotes and advertises THCa flower and THCa products to the public as having the same psychoactive effects as marijuana when heated or smoked.

126. Cloudz promotes and advertises to the public the fact that THCa converts to delta-9 THC when heated or smoked.

127. Under Missouri law, only state-licensed entities are allowed to engage in the cultivation, manufacturing, distribution and sale of marijuana or marijuana products.

128. The legal requirements for participation in the regulated Missouri marijuana market are numerous and mandatory.

129. The cultivation, production, distribution, sale or possession with intent to sell of marijuana in Missouri without a state-issued license is a Class A felony.

130. Cloudz holds no license authorizing it to engage in any way in the cultivation, manufacture, distribution or sale of marijuana, anywhere at any time.

131. Cloudz does not comply with or meet any of the qualifications, restrictions or requirements for participation in the Missouri regulated marijuana market. It takes credit cards, pays no licensing fee, does not pay any excise tax, does not track the marijuana it sells from seed to sale, does not test products at a state licensed testing facility, does not have or maintain advanced security camera and technology systems, and delivers directly to consumers via third-party delivery services such as Instacart, Uber Eats and Door Dash.

132. In commercial advertising and promotion including on its product packaging, Cloudz states that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill. This is a false and misleading representation of fact.

133. The THCa flower and THCa products that Cloudz advertises, promotes, distributes and sells to the Missouri public are not hemp but marijuana under federal law and Missouri state law.

134. Cloudz is actively, knowingly and purposefully engaged in the large-scale trafficking of a Schedule I Controlled Substance to the public without a state-issued license in violation of Missouri's criminal code, specifically Missouri Revised Statutes § 579.065, Trafficking in the First Degree, a Class A Felony, a fact that Cloudz hides from the public by falsely claiming in commercial advertising and promotion that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill.

**Defendant Discount Smoke Station**

135. Defendant Discount Smoke Station owns and operates a brick-and-mortar location in St. Louis, Missouri, for the purpose of advertising, promoting, selling and otherwise distributing cannabis flower and products including THCa flower and THCa products to the public.

136. Many of the THCa flower and products promoted and sold by Discount Smoke Station are advertised by Discount Smoke Station as containing over 30% THCa by dry weight.

137. The THCa flower and other THCa products that Discount Smoke Station advertises, promotes and sells to the public as hemp are in fact marijuana. They are chemically identical to each other.

138. Discount Smoke Station promotes and advertises THCa flower and THCa products to the public as having the same psychoactive effects as marijuana when heated or smoked.

139. Discount Smoke Station promotes and advertises to the public the fact that THCa converts to delta-9 THC when heated or smoked.

140. Under Missouri law, only state-licensed entities are allowed to engage in the cultivation, manufacturing, distribution and sale of marijuana or marijuana products.

141. The legal requirements for participation in the regulated Missouri marijuana market are numerous and mandatory.

142. The cultivation, production, distribution, sale or possession with intent to sell of marijuana in Missouri without a state-issued license is a Class A felony.

143. Discount Smoke Station holds no license authorizing it to engage in any way in the cultivation, manufacture, distribution or sale of marijuana, anywhere at any time.

144. Discount Smoke Station does not comply with or meet any of the qualifications, restrictions or requirements for participation in the Missouri regulated marijuana market. It takes credit cards, pays no licensing fee, does not pay any excise tax, does not track the marijuana it sells from seed to sale, does not test products at a state licensed testing facility, does not have or maintain advanced security camera and

technology systems, and delivers directly to consumers via third-party delivery services such as Instacart, Uber Eats and Door Dash.

145. In commercial advertising and promotion including on its product packaging, Discount Smoke Station states that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill. This is a false and misleading representation of fact.

146. The THCa flower and THCa products that Discount Smoke Station advertises, promotes, distributes and sells to the Missouri public are not hemp but marijuana under federal law and Missouri state law.

147. Discount Smoke Station is actively, knowingly and purposefully engaged in the large-scale trafficking of a Schedule I Controlled Substance to the public without a state-issued license in violation of Missouri's criminal code, specifically Missouri Revised Statutes § 579.065, Trafficking in the First Degree, a Class A Felony, a fact that Discount Smoke Station hides from the public by falsely claiming in commercial advertising and promotion that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill.

**Defendant Earthly Cure**

148. Defendant Earthly Cure owns and operates a brick-and-mortar location in Hazelwood, Missouri, for the purpose of advertising, promoting, selling and otherwise distributing cannabis flower and products including THCa flower and THCa products to the public.

149. Many of the THCa flower and products promoted and sold by Earthly Cure are advertised by Earthly Cure as containing over 30% THCa by dry weight.

150. The THCa flower and other THCa products that Earthly Cure advertises, promotes and sells to the public as hemp are in fact marijuana. They are chemically identical to each other.

151. Earthly Cure promotes and advertises THCa flower and THCa products to the public as having the same psychoactive effects as marijuana when heated or smoked.

152. Earthly Cure promotes and advertises to the public the fact that THCa converts to delta-9 THC when heated or smoked.

153. Under Missouri law, only state-licensed entities are allowed to engage in the cultivation, manufacturing, distribution and sale of marijuana or marijuana products.

154. The legal requirements for participation in the regulated Missouri marijuana market are numerous and mandatory.

155. The cultivation, production, distribution, sale or possession with intent to sell of marijuana in Missouri without a state-issued license is a Class A felony.

156. Earthly Cure holds no license authorizing it to engage in any way in the cultivation, manufacture, distribution or sale of marijuana, anywhere at any time.

157. Earthly Cure does not comply with or meet any of the qualifications, restrictions or requirements for participation in the Missouri regulated marijuana market. It takes credit cards, pays no licensing fee, does not pay any excise tax, does not track the marijuana it sells from seed to sale, does not test products at a state licensed testing facility, does not have or maintain advanced security camera and technology systems, and delivers

28

directly to consumers via third-party delivery services such as Instacart, Uber Eats and Door Dash.

158.  In commercial advertising and promotion including on its product packaging, Earthly Cure states that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill. This is a false and misleading representation of fact.

159.  The THCa flower and THCa products that Earthly Cure advertises, promotes, distributes and sells to the Missouri public are not hemp but marijuana under federal law and Missouri state law.

160.  Earthly Cure is actively, knowingly and purposefully engaged in the large-scale trafficking of a Schedule I Controlled Substance to the public without a state-issued license in violation of Missouri's criminal code, specifically Missouri Revised Statutes § 579.065, Trafficking in the First Degree, a Class A Felony, a fact that Earthly Cure hides from the public by falsely claiming in commercial advertising and promotion that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill.

**Defendant Exotic Smokes**

161.  Defendant Exotic Smokes owns and operates two brick-and-mortar locations in the St. Louis, Missouri, metropolitan area for the purpose of advertising, promoting, selling and otherwise distributing cannabis flower and products including THCa flower and THCa products to the public.

162.  Many of the THCa flower and products promoted and sold by Exotic Smokes are advertised by Exotic Smokes as containing over 30% THCa by dry weight.

163. The THCa flower and other THCa products that Exotic Smokes advertises, promotes and sells to the public as hemp are in fact marijuana. They are chemically identical to each other.

164. Exotic Smokes promotes and advertises THCa flower and THCa products to the public as having the same psychoactive effects as marijuana when heated or smoked.

165. Exotic Smokes promotes and advertises to the public the fact that THCa converts to delta-9 THC when heated or smoked.

166. Under Missouri law, only state-licensed entities are allowed to engage in the cultivation, manufacturing, distribution and sale of marijuana or marijuana products.

167. The legal requirements for participation in the regulated Missouri marijuana market are numerous and mandatory.

168. The cultivation, production, distribution, sale or possession with intent to sell of marijuana in Missouri without a state-issued license is a Class A felony.

169. Exotic Smokes holds no license authorizing it to engage in any way in the cultivation, manufacture, distribution or sale of marijuana, anywhere at any time.

170. Exotic Smokes does not comply with or meet any of the qualifications, restrictions or requirements for participation in the Missouri regulated marijuana market. It takes credit cards, pays no licensing fee, does not pay any excise tax, does not track the marijuana it sells from seed to sale, does not test products at a state licensed testing facility, does not have or maintain advanced security camera and technology systems, and delivers directly to consumers via third-party delivery services such as Instacart, Uber Eats and Door Dash.

171.   In commercial advertising and promotion including on its product packaging, Exotic Smokes states that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill. This is a false and misleading representation of fact.

172.   The THCa flower and THCa products that Exotic Smokes advertises, promotes, distributes and sells to the Missouri public are not hemp but marijuana under federal law and Missouri state law.

173.   Exotic Smokes is actively, knowingly and purposefully engaged in the large-scale trafficking of a Schedule I Controlled Substance to the public without a state-issued license in violation of Missouri's criminal code, specifically Missouri Revised Statutes § 579.065, Trafficking in the First Degree, a Class A Felony, a fact that Exotic Smokes hides from the public by falsely claiming in commercial advertising and promotion that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill.

**Defendant Flare Smoke N Vape**

174.   Defendant Flare Smoke N Vape ("Flare Smoke") owns and operates a brick-and-mortar location in Ballwin, Missouri, for the purpose of advertising, promoting, selling and otherwise distributing cannabis flower and products including THCa flower and THCa products to the public.

175.   Many of the THCa flower and products promoted and sold by Flare Smoke are advertised by Flare Smoke as containing over 30% THCa by dry weight.

31

176. The THCa flower and other THCa products that Flare Smoke advertises, promotes and sells to the public as hemp are in fact marijuana. They are chemically identical to each other.

177. Flare Smoke promotes and advertises THCa flower and THCa products to the public as having the same psychoactive effects as marijuana when heated or smoked.

178. Flare Smoke promotes and advertises to the public the fact that THCa converts to delta-9 THC when heated or smoked.

179. Under Missouri law, only state-licensed entities are allowed to engage in the cultivation, manufacturing, distribution and sale of marijuana or marijuana products.

180. The legal requirements for participation in the regulated Missouri marijuana market are numerous and mandatory.

181. The cultivation, production, distribution, sale or possession with intent to sell of marijuana in Missouri without a state-issued license is a Class A felony.

182. Flare Smoke holds no license authorizing it to engage in any way in the cultivation, manufacture, distribution or sale of marijuana, anywhere at any time.

183. Flare Smoke does not comply with or meet any of the qualifications, restrictions or requirements for participation in the Missouri regulated marijuana market. It takes credit cards, pays no licensing fee, does not pay any excise tax, does not track the marijuana it sells from seed to sale, does not test products at a state licensed testing facility, does not have or maintain advanced security camera and technology systems, and delivers directly to consumers via third-party delivery services such as Instacart, Uber Eats and Door Dash.

184. In commercial advertising and promotion including on its product packaging, Flare Smoke states that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill. This is a false and misleading representation of fact.

185. The THCa flower and THCa products that Flare Smoke advertises, promotes, distributes and sells to the Missouri public are not hemp but marijuana under federal law and Missouri state law.

186. Flare Smoke is actively, knowingly and purposefully engaged in the large-scale trafficking of a Schedule I Controlled Substance to the public without a state-issued license in violation of Missouri's criminal code, specifically Missouri Revised Statutes § 579.065, Trafficking in the First Degree, a Class A Felony, a fact that Flare Smoke hides from the public by falsely claiming in commercial advertising and promotion that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill.

187. In March 2026, the Missouri Attorney General issued a cease-and-desist letter to Flare Smoke stating that sales of THCa flower and THCa products by Flare Smoke were in violation of Missouri's laws, rules and regulations on the sale of marijuana.

### Defendant Higher Daze Smoke Shop & Bud Bar

188. Defendant Higher Daze Smoke Shop & Bud Bar ("Higher Daze") owns and operates a brick-and-mortar location in Ballwin, Missouri, for the purpose of advertising, promoting, selling and otherwise distributing cannabis flower and products including THCa flower and THCa products to the public.

189.  Many of the THCa flower and products promoted and sold by Higher Daze are advertised by Higher Daze as containing over 30% THCa by dry weight.

190.  The THCa flower and other THCa products that Higher Daze advertises, promotes and sells to the public as hemp are in fact marijuana. They are chemically identical to each other.

191.  Higher Daze promotes and advertises THCa flower and THCa products to the public as having the same psychoactive effects as marijuana when heated or smoked.

192.  Higher Daze promotes and advertises to the public the fact that THCa converts to delta-9 THC when heated or smoked.

193.  Under Missouri law, only state-licensed entities are allowed to engage in the cultivation, manufacturing, distribution and sale of marijuana or marijuana products.

194.  The legal requirements for participation in the regulated Missouri marijuana market are numerous and mandatory.

195.  The cultivation, production, distribution, sale or possession with intent to sell of marijuana in Missouri without a state-issued license is a Class A felony.

196.  Higher Daze holds no license authorizing it to engage in any way in the cultivation, manufacture, distribution or sale of marijuana, anywhere at any time.

197. Higher Daze does not comply with or meet any of the qualifications, restrictions or requirements for participation in the Missouri regulated marijuana market. It takes credit cards, pays no licensing fee, does not pay any excise tax, does not track the marijuana it sells from seed to sale, does not test products at a state licensed testing facility, does not have or maintain advanced security camera and technology systems, and delivers

directly to consumers via third-party delivery services such as Instacart, Uber Eats and Door Dash.

198. In commercial advertising and promotion including on its product packaging, Higher Daze states that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill. This is a false and misleading representation of fact.

199. The THCa flower and THCa products that Higher Daze advertises, promotes, distributes and sells to the Missouri public are not hemp but marijuana under federal law and Missouri state law.

200. Higher Daze is actively, knowingly and purposefully engaged in the large-scale trafficking of a Schedule I Controlled Substance to the public without a state-issued license in violation of Missouri's criminal code, specifically Missouri Revised Statutes § 579.065, Trafficking in the First Degree, a Class A Felony, a fact that Higher Daze hides from the public by falsely claiming in commercial advertising and promotion that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill.

**Defendant House of Smoke**

201. Defendant House of Smoke owns and operates a brick-and-mortar location in Des Peres, Missouri, for the purpose of advertising, promoting, selling and otherwise distributing cannabis flower and products including THCa flower and THCa products to the public.

202. Many of the THCa flower and products promoted and sold by House of Smoke are advertised by House of Smoke as containing over 30% THCa by dry weight.

203. The THCa flower and other THCa products that House of Smoke advertises, promotes and sells to the public as hemp are in fact marijuana. They are chemically identical to each other.

204. House of Smoke promotes and advertises THCa flower and THCa products to the public as having the same psychoactive effects as marijuana when heated or smoked.

205. House of Smoke promotes and advertises to the public the fact that THCa converts to delta-9 THC when heated or smoked.

206. Under Missouri law, only state-licensed entities are allowed to engage in the cultivation, manufacturing, distribution and sale of marijuana or marijuana products.

207. The legal requirements for participation in the regulated Missouri marijuana market are numerous and mandatory.

208. The cultivation, production, distribution, sale or possession with intent to sell of marijuana in Missouri without a state-issued license is a Class A felony.

209. House of Smoke holds no license authorizing it to engage in any way in the cultivation, manufacture, distribution or sale of marijuana, anywhere at any time.

210. House of Smoke does not comply with or meet any of the qualifications, restrictions or requirements for participation in the Missouri regulated marijuana market. It takes credit cards, pays no licensing fee, does not pay any excise tax, does not track the marijuana it sells from seed to sale, does not test products at a state licensed testing facility, does not have or maintain advanced security camera and technology systems, and delivers directly to consumers via third-party delivery services such as Instacart, Uber Eats and Door Dash.

211. In commercial advertising and promotion including on its product packaging, House of Smoke states that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill. This is a false and misleading representation of fact.

212. The THCa flower and THCa products that House of Smoke advertises, promotes, distributes and sells to the Missouri public are not hemp but marijuana under federal law and Missouri state law.

213. House of Smoke is actively, knowingly and purposefully engaged in the large-scale trafficking of a Schedule I Controlled Substance to the public without a state-issued license in violation of Missouri's criminal code, specifically Missouri Revised Statutes § 579.065, Trafficking in the First Degree, a Class A Felony, a fact that House of Smoke hides from the public by falsely claiming in commercial advertising and promotion that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill.

**Defendant Huff & Vape Tobacco**

214. Defendant Huff & Vape Tobacco ("Huff & Vape") owns and operates a brick-and-mortar location in Florissant, Missouri, for the purpose of advertising, promoting, selling and otherwise distributing cannabis flower and products including THCa flower and THCa products to the public.

215. Many of the THCa flower and products promoted and sold by Huff & Vape are advertised by Huff & Vape as containing over 30% THCa by dry weight.

216. The THCa flower and other THCa products that Huff & Vape advertises, promotes and sells to the public as hemp are in fact marijuana. They are chemically identical to each other.

217. Huff & Vape promotes and advertises THCa flower and THCa products to the public as having the same psychoactive effects as marijuana when heated or smoked.

218. Huff & Vape promotes and advertises to the public the fact that THCa converts to delta-9 THC when heated or smoked.

219. Under Missouri law, only state-licensed entities are allowed to engage in the cultivation, manufacturing, distribution and sale of marijuana or marijuana products.

220. The legal requirements for participation in the regulated Missouri marijuana market are numerous and mandatory.

221. The cultivation, production, distribution, sale or possession with intent to sell of marijuana in Missouri without a state-issued license is a Class A felony.

222. Huff & Vape holds no license authorizing it to engage in any way in the cultivation, manufacture, distribution or sale of marijuana, anywhere at any time.

223. Huff & Vape does not comply with or meet any of the qualifications, restrictions or requirements for participation in the Missouri regulated marijuana market. It takes credit cards, pays no licensing fee, does not pay any excise tax, does not track the marijuana it sells from seed to sale, does not test products at a state licensed testing facility, does not have or maintain advanced security camera and technology systems, and delivers directly to consumers via third-party delivery services such as Instacart, Uber Eats and Door Dash.

224. In commercial advertising and promotion including on its product packaging, Huff & Vape states that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill. This is a false and misleading representation of fact.

225. The THCa flower and THCa products that Huff & Vape advertises, promotes, distributes and sells to the Missouri public are not hemp but marijuana under federal law and Missouri state law.

226. Huff & Vape is actively, knowingly and purposefully engaged in the large-scale trafficking of a Schedule I Controlled Substance to the public without a state-issued license in violation of Missouri's criminal code, specifically Missouri Revised Statutes § 579.065, Trafficking in the First Degree, a Class A Felony, a fact that Huff & Vape hides from the public by falsely claiming in commercial advertising and promotion that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill.

**Defendant iPuff Vape CBD Delta 8**

227. Defendant iPuff Vape CBD Delta 8 ("iPuff") owns and operates a brick-and-mortar location in St. Louis, Missouri, under the name iPuff for the purpose of advertising, promoting, selling and otherwise distributing cannabis flower and products including THCa flower and THCa products to the public.

228. Many of the THCa flower and products promoted and sold by iPuff are advertised by iPuff as containing over 30% THCa by dry weight.

229. The THCa flower and other THCa products that iPuff advertises, promotes and sells to the public as hemp are in fact marijuana. They are chemically identical to each other.

230. iPuff promotes and advertises THCa flower and THCa products to the public as having the same psychoactive effects as marijuana when heated or smoked.

231. iPuff promotes and advertises to the public the fact that THCa converts to delta-9 THC when heated or smoked.

232. Under Missouri law, only state-licensed entities are allowed to engage in the cultivation, manufacturing, distribution and sale of marijuana or marijuana products.

233. The legal requirements for participation in the regulated Missouri marijuana market are numerous and mandatory.

234. The cultivation, production, distribution, sale or possession with intent to sell of marijuana in Missouri without a state-issued license is a Class A felony.

235. iPuff holds no license authorizing it to engage in any way in the cultivation, manufacture, distribution or sale of marijuana, anywhere at any time.

236. iPuff does not comply with or meet any of the qualifications, restrictions or requirements for participation in the Missouri regulated marijuana market. It takes credit cards, pays no licensing fee, does not pay any excise tax, does not track the marijuana it sells from seed to sale, does not test products at a state licensed testing facility, does not have or maintain advanced security camera and technology systems, and delivers directly to consumers via third-party delivery services such as Instacart, Uber Eats and Door Dash.

237. In commercial advertising and promotion including on its product packaging, iPuff states that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill. This is a false and misleading representation of fact.

238. The THCa flower and THCa products that iPuff advertises, promotes, distributes and sells to the Missouri public are not hemp but marijuana under federal law and Missouri state law.

239. iPuff is actively, knowingly and purposefully engaged in the large-scale trafficking of a Schedule I Controlled Substance to the public without a state-issued license in violation of Missouri's criminal code, specifically Missouri Revised Statutes § 579.065, Trafficking in the First Degree, a Class A Felony, a fact that iPuff hides from the public by falsely claiming in commercial advertising and promotion that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill.

### Defendant J & J Exotics

240. Defendant J & J Exotics owns and operates three brick-and-mortar locations in the St. Louis, Missouri, metropolitan area for the purpose of advertising, promoting, selling and otherwise distributing cannabis flower and products including THCa flower and THCa products to the public.

241. Many of the THCa flower and products promoted and sold by J & J Exotics are advertised by J & J Exotics as containing over 30% THCa by dry weight.

41

242. The THCa flower and other THCa products that J & J Exotics advertises, promotes and sells to the public as hemp are in fact marijuana. They are chemically identical to each other.

243. J & J Exotics promotes and advertises THCa flower and THCa products to the public as having the same psychoactive effects as marijuana when heated or smoked.

244. J & J Exotics promotes and advertises to the public the fact that THCa converts to delta-9 THC when heated or smoked.

245. Under Missouri law, only state-licensed entities are allowed to engage in the cultivation, manufacturing, distribution and sale of marijuana or marijuana products.

246. The legal requirements for participation in the regulated Missouri marijuana market are numerous and mandatory.

247. The cultivation, production, distribution, sale or possession with intent to sell of marijuana in Missouri without a state-issued license is a Class A felony.

248. J & J Exotics holds no license authorizing it to engage in any way in the cultivation, manufacture, distribution or sale of marijuana, anywhere at any time.

249. J & J Exotics does not comply with or meet any of the qualifications, restrictions or requirements for participation in the Missouri regulated marijuana market. It takes credit cards, pays no licensing fee, does not pay any excise tax, does not track the marijuana it sells from seed to sale, does not test products at a state licensed testing facility, does not have or maintain advanced security camera and technology systems, and delivers directly to consumers via third-party delivery services such as Instacart, Uber Eats and Door Dash.

250. In commercial advertising and promotion including on its product packaging, J & J Exotics states that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill. This is a false and misleading representation of fact.

251. The THCa flower and THCa products that J & J Exotics advertises, promotes, distributes and sells to the Missouri public are not hemp but marijuana under federal law and Missouri state law.

252. J & J Exotics is actively, knowingly and purposefully engaged in the large-scale trafficking of a Schedule I Controlled Substance to the public without a state-issued license in violation of Missouri's criminal code, specifically Missouri Revised Statutes § 579.065, Trafficking in the First Degree, a Class A Felony, a fact that J & J Exotics hides from the public by falsely claiming in commercial advertising and promotion that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill.

**Defendant Kings Tobacco and Vape II**

253. Defendant Kings Tobacco and Vape II ("Kings") owns and operates a brick-and-mortar location in St. Louis, Missouri, for the purpose of advertising, promoting, selling and otherwise distributing cannabis flower and products including THCa flower and THCa products to the public.

254. Many of the THCa flower and products promoted and sold by Kings are advertised by Kings as containing over 30% THCa by dry weight.

43

255. The THCa flower and other THCa products that Kings advertises, promotes and sells to the public as hemp are in fact marijuana. They are chemically identical to each other.

256. Kings promotes and advertises THCa flower and THCa products to the public as having the same psychoactive effects as marijuana when heated or smoked.

257. Kings promotes and advertises to the public the fact that THCa converts to delta-9 THC when heated or smoked.

258. Under Missouri law, only state-licensed entities are allowed to engage in the cultivation, manufacturing, distribution and sale of marijuana or marijuana products.

259. The legal requirements for participation in the regulated Missouri marijuana market are numerous and mandatory.

260. The cultivation, production, distribution, sale or possession with intent to sell of marijuana in Missouri without a state-issued license is a Class A felony.

261. Kings holds no license authorizing it to engage in any way in the cultivation, manufacture, distribution or sale of marijuana, anywhere at any time.

262. Kings does not comply with or meet any of the qualifications, restrictions or requirements for participation in the Missouri regulated marijuana market. It takes credit cards, pays no licensing fee, does not pay any excise tax, does not track the marijuana it sells from seed to sale, does not test products at a state licensed testing facility, does not have or maintain advanced security camera and technology systems, and delivers directly to consumers via third-party delivery services such as Instacart, Uber Eats and Door Dash.

263. In commercial advertising and promotion including on its product packaging, Kings states that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill. This is a false and misleading representation of fact.

264. The THCa flower and THCa products that Kings advertises, promotes, distributes and sells to the Missouri public are not hemp but marijuana under federal law and Missouri state law.

265. Kings is actively, knowingly and purposefully engaged in the large-scale trafficking of a Schedule I Controlled Substance to the public without a state-issued license in violation of Missouri's criminal code, specifically Missouri Revised Statutes § 579.065, Trafficking in the First Degree, a Class A Felony, a fact that Kings hides from the public by falsely claiming in commercial advertising and promotion that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill.

**Defendants MD Night Owl Tobacco (both locations)**

266. Defendants MD Night Owl Tobacco (both locations) own and operate two brick-and-mortar locations in St. Louis, Missouri, under the name MD Night Owl Tobacco for the purpose of advertising, promoting, selling and otherwise distributing cannabis flower and products including THCa flower and THCa products to the public.

267. Many of the THCa flower and products promoted and sold by MD Night Owl Tobacco are advertised by MD Night Owl Tobacco as containing over 30% THCa by dry weight.

268. The THCa flower and other THCa products that MD Night Owl Tobacco advertises, promotes and sells to the public as hemp are in fact marijuana. They are chemically identical to each other.

269. MD Night Owl Tobacco promotes and advertises THCa flower and THCa products to the public as having the same psychoactive effects as marijuana when heated or smoked.

270. MD Night Owl Tobacco promotes and advertises to the public the fact that THCa converts to delta-9 THC when heated or smoked.

271. Under Missouri law, only state-licensed entities are allowed to engage in the cultivation, manufacturing, distribution and sale of marijuana or marijuana products.

272. The legal requirements for participation in the regulated Missouri marijuana market are numerous and mandatory.

273. The cultivation, production, distribution, sale or possession with intent to sell of marijuana in Missouri without a state-issued license is a Class A felony.

274. MD Night Owl Tobacco holds no license authorizing it to engage in any way in the cultivation, manufacture, distribution or sale of marijuana, anywhere at any time.

275. MD Night Owl Tobacco does not comply with or meet any of the qualifications, restrictions or requirements for participation in the Missouri regulated marijuana market. It takes credit cards, pays no licensing fee, does not pay any excise tax, does not track the marijuana it sells from seed to sale, does not test products at a state licensed testing facility, does not have or maintain advanced security camera and

technology systems, and delivers directly to consumers via third-party delivery services such as Instacart, Uber Eats and Door Dash.

276. In commercial advertising and promotion including on its product packaging, MD Night Owl Tobacco states that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill. This is a false and misleading representation of fact.

277. The THCa flower and THCa products that MD Night Owl Tobacco advertises, promotes, distributes and sells to the Missouri public are not hemp but marijuana under federal law and Missouri state law.

278. MD Night Owl Tobacco is actively, knowingly and purposefully engaged in the large-scale trafficking of a Schedule I Controlled Substance to the public without a state-issued license in violation of Missouri's criminal code, specifically Missouri Revised Statutes § 579.065, Trafficking in the First Degree, a Class A Felony, a fact that MD Night Owl Tobacco hides from the public by falsely claiming in commercial advertising and promotion that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill.

**Defendant Natural Life CBD**

279. Defendant Natural Life CBD owns and operates a website and a chain of brick-and-mortar locations across the country including in Missouri under the name Natural Life for the purpose of advertising, promoting, selling and otherwise distributing cannabis flower and products including THCa flower and THCa products to the public.

47

280. Many of the THCa flower and products promoted and sold by Natural Life CBD are advertised by Natural Life CBD as containing over 30% THCa by dry weight.

281.  The THCa flower and other THCa products that Natural Life CBD advertises, promotes and sells to the public as hemp are in fact marijuana. They are chemically identical to each other.

282. Natural Life CBD promotes and advertises THCa flower and THCa products to the public as having the same psychoactive effects as marijuana when heated or smoked.

283. Natural Life CBD promotes and advertises to the public the fact that THCa converts to delta-9 THC when heated or smoked.

284. Under Missouri law, only state-licensed entities are allowed to engage in the cultivation, manufacturing, distribution and sale of marijuana or marijuana products.

285.  The legal requirements for participation in the regulated Missouri marijuana market are numerous and mandatory.

286.  The cultivation, production, distribution, sale or possession with intent to sell of marijuana in Missouri without a state-issued license is a Class A felony.

287.  Natural Life CBD holds no license authorizing it to engage in any way in the cultivation, manufacture, distribution or sale of marijuana, anywhere at any time.

288. Natural Life CBD does not comply with or meet any of the qualifications, restrictions or requirements for participation in the Missouri regulated marijuana market. It takes credit cards, pays no licensing fee, does not pay any excise tax, does not track the marijuana it sells from seed to sale, does not test products at a state licensed testing facility, does not have or maintain advanced security camera and technology systems, ships high

THC marijuana and marijuana products directly to consumers via FEDEX and UPS, and delivers directly to consumers via third-party delivery services such as Instacart, Uber Eats and Door Dash.

289. In commercial advertising and promotion including on its website, Natural Life CBD states that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill. This is a false and misleading representation of fact.

290. The THCa flower and THCa products that Natural Life CBD advertises, promotes, distributes and sells to the Missouri public are not hemp but marijuana under federal law and Missouri state law.

291. Natural Life CBD is actively, knowingly and purposefully engaged in the large-scale trafficking of a Schedule I Controlled Substance to the public without a state-issued license in violation of Missouri's criminal code, specifically Missouri Revised Statutes § 579.065, Trafficking in the First Degree, a Class A Felony, a fact that Natural Life CBD hides from the public by falsely claiming in commercial advertising and promotion that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill.

**Defendant Nics CBD and Vape**

292. Defendant Nics CBD and Vape ("Nics") owns and operates a brick-and-mortar location in St. Louis, Missouri, for the purpose of advertising, promoting, selling and otherwise distributing cannabis flower and products including THCa flower and THCa products to the public.

49

293. Many of the THCa flower and products promoted and sold by Nics are advertised by Nics as containing over 30% THCa by dry weight.

294. The THCa flower and other THCa products that Nics advertises, promotes and sells to the public as hemp are in fact marijuana. They are chemically identical to each other.

295. Nics promotes and advertises THCa flower and THCa products to the public as having the same psychoactive effects as marijuana when heated or smoked.

296. Nics promotes and advertises to the public the fact that THCa converts to delta-9 THC when heated or smoked.

297. Under Missouri law, only state-licensed entities are allowed to engage in the cultivation, manufacturing, distribution and sale of marijuana or marijuana products.

298. The legal requirements for participation in the regulated Missouri marijuana market are numerous and mandatory.

299. The cultivation, production, distribution, sale or possession with intent to sell of marijuana in Missouri without a state-issued license is a Class A felony.

300. Nics holds no license authorizing it to engage in any way in the cultivation, manufacture, distribution or sale of marijuana, anywhere at any time.

301. Nics does not comply with or meet any of the qualifications, restrictions or requirements for participation in the Missouri regulated marijuana market. It takes credit cards, pays no licensing fee, does not pay any excise tax, does not track the marijuana it sells from seed to sale, does not test products at a state licensed testing facility, does not

have or maintain advanced security camera and technology systems, and delivers directly to consumers via third-party delivery services such as Instacart, Uber Eats and Door Dash.

302. In commercial advertising and promotion including on its product packaging, Nics states that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill. This is a false and misleading representation of fact.

303. The THCa flower and THCa products that Nics advertises, promotes, distributes and sells to the Missouri public are not hemp but marijuana under federal law and Missouri state law.

304. Nics is actively, knowingly and purposefully engaged in the large-scale trafficking of a Schedule I Controlled Substance to the public without a state-issued license in violation of Missouri's criminal code, specifically Missouri Revised Statutes § 579.065, Trafficking in the First Degree, a Class A Felony, a fact that Nics hides from the public by falsely claiming in commercial advertising and promotion that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill.

**Defendant One Love Smoke Shop**

305. Defendant One Love Smoke Shop ("One Love") owns and operates a brick-and-mortar location in Blackjack, Missouri, for the purpose of advertising, promoting, selling and otherwise distributing cannabis flower and products including THCa flower and THCa products to the public.

306. Many of the THCa flower and products promoted and sold by One Love are advertised by One Love as containing over 30% THCa by dry weight.

51

307. The THCa flower and other THCa products that One Love advertises, promotes and sells to the public as hemp are in fact marijuana. They are chemically identical to each other.

308. One Love promotes and advertises THCa flower and THCa products to the public as having the same psychoactive effects as marijuana when heated or smoked.

309. One Love promotes and advertises to the public the fact that THCa converts to delta-9 THC when heated or smoked.

310. Under Missouri law, only state-licensed entities are allowed to engage in the cultivation, manufacturing, distribution and sale of marijuana or marijuana products.

311. The legal requirements for participation in the regulated Missouri marijuana market are numerous and mandatory.

312. The cultivation, production, distribution, sale or possession with intent to sell of marijuana in Missouri without a state-issued license is a Class A felony.

313. One Love holds no license authorizing it to engage in any way in the cultivation, manufacture, distribution or sale of marijuana, anywhere at any time.

314. One Love does not comply with or meet any of the qualifications, restrictions or requirements for participation in the Missouri regulated marijuana market. It takes credit cards, pays no licensing fee, does not pay any excise tax, does not track the marijuana it sells from seed to sale, does not test products at a state licensed testing facility, does not have or maintain advanced security camera and technology systems, and delivers directly to consumers via third-party delivery services such as Instacart, Uber Eats and Door Dash.

315.  In commercial advertising and promotion including on its product packaging, One Love states that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill. This is a false and misleading representation of fact.

316.  The THCa flower and THCa products that One Love advertises, promotes, distributes and sells to the Missouri public are not hemp but marijuana under federal law and Missouri state law.

317.  One Love is actively, knowingly and purposefully engaged in the large-scale trafficking of a Schedule I Controlled Substance to the public without a state-issued license in violation of Missouri's criminal code, specifically Missouri Revised Statutes § 579.065, Trafficking in the First Degree, a Class A Felony, a fact that One Love hides from the public by falsely claiming in commercial advertising and promotion that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill.

**Defendant Quick 7**

318.  Defendant Quick 7 owns and operates a brick-and-mortar location in Florissant, Missouri, for the purpose of advertising, promoting, selling and otherwise distributing cannabis flower and products including THCa flower and THCa products to the public.

319.  Many of the THCa flower and products promoted and sold by Quick 7 are advertised by Quick 7 as containing over 30% THCa by dry weight.

320. The THCa flower and other THCa products that Quick 7 advertises, promotes and sells to the public as hemp are in fact marijuana. They are chemically identical to each other.

321. Quick 7 promotes and advertises THCa flower and THCa products to the public as having the same psychoactive effects as marijuana when heated or smoked.

322. Quick 7 promotes and advertises to the public the fact that THCa converts to delta-9 THC when heated or smoked.

323. Under Missouri law, only state-licensed entities are allowed to engage in the cultivation, manufacturing, distribution and sale of marijuana or marijuana products.

324. The legal requirements for participation in the regulated Missouri marijuana market are numerous and mandatory.

325. The cultivation, production, distribution, sale or possession with intent to sell of marijuana in Missouri without a state-issued license is a Class A felony.

326. Quick 7 holds no license authorizing it to engage in any way in the cultivation, manufacture, distribution or sale of marijuana, anywhere at any time.

327. Quick 7 does not comply with or meet any of the qualifications, restrictions or requirements for participation in the Missouri regulated marijuana market. It takes credit cards, pays no licensing fee, does not pay any excise tax, does not track the marijuana it sells from seed to sale, does not test products at a state licensed testing facility, does not have or maintain advanced security camera and technology systems, and delivers directly to consumers via third-party delivery services such as Instacart, Uber Eats and Door Dash.

328. In commercial advertising and promotion including on its product packaging, Quick 7 states that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill. This is a false and misleading representation of fact.

329. The THCa flower and THCa products that Quick 7 advertises, promotes, distributes and sells to the Missouri public are not hemp but marijuana under federal law and Missouri state law.

330. Quick 7 is actively, knowingly and purposefully engaged in the large-scale trafficking of a Schedule I Controlled Substance to the public without a state-issued license in violation of Missouri's criminal code, specifically Missouri Revised Statutes § 579.065, Trafficking in the First Degree, a Class A Felony, a fact that Quick 7 hides from the public by falsely claiming in commercial advertising and promotion that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill.

**Defendant SC Tobacco**

331. Defendant SC Tobacco owns and operates a brick-and-mortar location in St. Louis, Missouri, for the purpose of advertising, promoting, selling and otherwise distributing cannabis flower and products including THCa flower and THCa products to the public.

332. Many of the THCa flower and products promoted and sold by SC Tobacco are advertised by SC Tobacco as containing over 30% THCa by dry weight.

333. The THCa flower and other THCa products that SC Tobacco advertises, promotes and sells to the public as hemp are in fact marijuana. They are chemically identical to each other.

334. SC Tobacco promotes and advertises THCa flower and THCa products to the public as having the same psychoactive effects as marijuana when heated or smoked.

335. SC Tobacco promotes and advertises to the public the fact that THCa converts to delta-9 THC when heated or smoked.

336. Under Missouri law, only state-licensed entities are allowed to engage in the cultivation, manufacturing, distribution and sale of marijuana or marijuana products.

337. The legal requirements for participation in the regulated Missouri marijuana market are numerous and mandatory.

338. The cultivation, production, distribution, sale or possession with intent to sell of marijuana in Missouri without a state-issued license is a Class A felony.

339. SC Tobacco holds no license authorizing it to engage in any way in the cultivation, manufacture, distribution or sale of marijuana, anywhere at any time.

340. SC Tobacco does not comply with or meet any of the qualifications, restrictions or requirements for participation in the Missouri regulated marijuana market. It takes credit cards, pays no licensing fee, does not pay any excise tax, does not track the marijuana it sells from seed to sale, does not test products at a state licensed testing facility, does not have or maintain advanced security camera and technology systems, and delivers directly to consumers via third-party delivery services such as Instacart, Uber Eats and Door Dash.

341. In commercial advertising and promotion including on its product packaging, SC Tobacco states that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill. This is a false and misleading representation of fact.

342. The THCa flower and THCa products that SC Tobacco advertises, promotes, distributes and sells to the Missouri public are not hemp but marijuana under federal law and Missouri state law.

343. SC Tobacco is actively, knowingly and purposefully engaged in the large-scale trafficking of a Schedule I Controlled Substance to the public without a state-issued license in violation of Missouri's criminal code, specifically Missouri Revised Statutes § 579.065, Trafficking in the First Degree, a Class A Felony, a fact that SC Tobacco hides from the public by falsely claiming in commercial advertising and promotion that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill.

**Defendant Sky Smoke and Vape Shops**

344. Defendant Sky Smoke and Vape Shops ("Sky") owns and operates a brick-and-mortar location in St. Louis, Missouri, for the purpose of advertising, promoting, selling and otherwise distributing cannabis flower and products including THCa flower and THCa products to the public.

345. Many of the THCa flower and products promoted and sold by Sky are advertised by Sky as containing over 30% THCa by dry weight.

57

346. The THCa flower and other THCa products that Sky advertises, promotes and sells to the public as hemp are in fact marijuana. They are chemically identical to each other.

347. Sky promotes and advertises THCa flower and THCa products to the public as having the same psychoactive effects as marijuana when heated or smoked.

348. Sky promotes and advertises to the public the fact that THCa converts to delta-9 THC when heated or smoked.

349. Under Missouri law, only state-licensed entities are allowed to engage in the cultivation, manufacturing, distribution and sale of marijuana or marijuana products.

350. The legal requirements for participation in the regulated Missouri marijuana market are numerous and mandatory.

351. The cultivation, production, distribution, sale or possession with intent to sell of marijuana in Missouri without a state-issued license is a Class A felony.

352. Sky holds no license authorizing it to engage in any way in the cultivation, manufacture, distribution or sale of marijuana, anywhere at any time.

353. Sky does not comply with or meet any of the qualifications, restrictions or requirements for participation in the Missouri regulated marijuana market. It takes credit cards, pays no licensing fee, does not pay any excise tax, does not track the marijuana it sells from seed to sale, does not test products at a state licensed testing facility, does not have or maintain advanced security camera and technology systems, and delivers directly to consumers via third-party delivery services such as Instacart, Uber Eats and Door Dash.

354. In commercial advertising and promotion including on its product packaging, Sky states that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill. This is a false and misleading representation of fact.

355. The THCa flower and THCa products that Sky advertises, promotes, distributes and sells to the Missouri public are not hemp but marijuana under federal law and Missouri state law.

356. Sky is actively, knowingly and purposefully engaged in the large-scale trafficking of a Schedule I Controlled Substance to the public without a state-issued license in violation of Missouri's criminal code, specifically Missouri Revised Statutes § 579.065, Trafficking in the First Degree, a Class A Felony, a fact that Sky hides from the public by falsely claiming in commercial advertising and promotion that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill.

### Defendant Smoke Break

357. Defendant Smoke Break owns and operates a brick-and-mortar location in Florissant, Missouri, for the purpose of advertising, promoting, selling and otherwise distributing cannabis flower and products including THCa flower and THCa products to the public.

358. Many of the THCa flower and products promoted and sold by Smoke Break are advertised by Smoke Break as containing over 30% THCa by dry weight.

359. The THCa flower and other THCa products that Smoke Break advertises, promotes and sells to the public as hemp are in fact marijuana. They are chemically identical to each other.

360. Smoke Break promotes and advertises THCa flower and THCa products to the public as having the same psychoactive effects as marijuana when heated or smoked.

361. Smoke Break promotes and advertises to the public the fact that THCa converts to delta-9 THC when heated or smoked.

362. Under Missouri law, only state-licensed entities are allowed to engage in the cultivation, manufacturing, distribution and sale of marijuana or marijuana products.

363. The legal requirements for participation in the regulated Missouri marijuana market are numerous and mandatory.

364. The cultivation, production, distribution, sale or possession with intent to sell of marijuana in Missouri without a state-issued license is a Class A felony.

365. Smoke Break holds no license authorizing it to engage in any way in the cultivation, manufacture, distribution or sale of marijuana, anywhere at any time.

366. Smoke Break does not comply with or meet any of the qualifications, restrictions or requirements for participation in the Missouri regulated marijuana market. It takes credit cards, pays no licensing fee, does not pay any excise tax, does not track the marijuana it sells from seed to sale, does not test products at a state licensed testing facility, does not have or maintain advanced security camera and technology systems, and delivers directly to consumers via third-party delivery services such as Instacart, Uber Eats and Door Dash.

367. In commercial advertising and promotion including on its product packaging, Smoke Break states that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill. This is a false and misleading representation of fact.

368. The THCa flower and THCa products that Smoke Break advertises, promotes, distributes and sells to the Missouri public are not hemp but marijuana under federal law and Missouri state law.

369. Smoke Break is actively, knowingly and purposefully engaged in the large-scale trafficking of a Schedule I Controlled Substance to the public without a state-issued license in violation of Missouri's criminal code, specifically Missouri Revised Statutes § 579.065, Trafficking in the First Degree, a Class A Felony, a fact that Smoke Break hides from the public by falsely claiming in commercial advertising and promotion that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill.

### Defendant Smoke Safe Premium

370. Defendant Smoke Safe Premium ("Smoke Safe") owns and operates a brick-and-mortar location in Florissant, Missouri, for the purpose of advertising, promoting, selling and otherwise distributing cannabis flower and products including THCa flower and THCa products to the public.

371. Many of the THCa flower and products promoted and sold by Smoke Safe are advertised by Smoke Safe as containing over 30% THCa by dry weight.

372. The THCa flower and other THCa products that Smoke Safe advertises, promotes and sells to the public as hemp are in fact marijuana. They are chemically identical to each other.

373. Smoke Safe promotes and advertises THCa flower and THCa products to the public as having the same psychoactive effects as marijuana when heated or smoked.

374. Smoke Safe promotes and advertises to the public the fact that THCa converts to delta-9 THC when heated or smoked.

375. Under Missouri law, only state-licensed entities are allowed to engage in the cultivation, manufacturing, distribution and sale of marijuana or marijuana products.

376. The legal requirements for participation in the regulated Missouri marijuana market are numerous and mandatory.

377. The cultivation, production, distribution, sale or possession with intent to sell of marijuana in Missouri without a state-issued license is a Class A felony.

378. Smoke Safe holds no license authorizing it to engage in any way in the cultivation, manufacture, distribution or sale of marijuana, anywhere at any time.

379. Smoke Safe does not comply with or meet any of the qualifications, restrictions or requirements for participation in the Missouri regulated marijuana market. It takes credit cards, pays no licensing fee, does not pay any excise tax, does not track the marijuana it sells from seed to sale, does not test products at a state licensed testing facility, does not have or maintain advanced security camera and technology systems, and delivers directly to consumers via third-party delivery services such as Instacart, Uber Eats and Door Dash.

380. In commercial advertising and promotion including on its product packaging, Smoke Safe states that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill. This is a false and misleading representation of fact.

381. The THCa flower and THCa products that Smoke Safe advertises, promotes, distributes and sells to the Missouri public are not hemp but marijuana under federal law and Missouri state law.

382. Smoke Safe is actively, knowingly and purposefully engaged in the large-scale trafficking of a Schedule I Controlled Substance to the public without a state-issued license in violation of Missouri's criminal code, specifically Missouri Revised Statutes § 579.065, Trafficking in the First Degree, a Class A Felony, a fact that Smoke Safe hides from the public by falsely claiming in commercial advertising and promotion that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill.

**Defendant Smoke Zone Smoke Shop**

383. Defendant Smoke Zone Smoke Shop ("Smoke Zone") owns and operates a brick-and-mortar location in Ballwin, Missouri, for the purpose of advertising, promoting, selling and otherwise distributing cannabis flower and products including THCa flower and THCa products to the public.

384. Many of the THCa flower and products promoted and sold by Smoke Zone are advertised by Smoke Zone as containing over 30% THCa by dry weight.

63

385. The THCa flower and other THCa products that Smoke Zone advertises, promotes and sells to the public as hemp are in fact marijuana. They are chemically identical to each other.

386. Smoke Zone promotes and advertises THCa flower and THCa products to the public as having the same psychoactive effects as marijuana when heated or smoked.

387. Smoke Zone promotes and advertises to the public the fact that THCa converts to delta-9 THC when heated or smoked.

388. Under Missouri law, only state-licensed entities are allowed to engage in the cultivation, manufacturing, distribution and sale of marijuana or marijuana products.

389. The legal requirements for participation in the regulated Missouri marijuana market are numerous and mandatory.

390. The cultivation, production, distribution, sale or possession with intent to sell of marijuana in Missouri without a state-issued license is a Class A felony.

391. Smoke Zone holds no license authorizing it to engage in any way in the cultivation, manufacture, distribution or sale of marijuana, anywhere at any time.

392. Smoke Zone does not comply with or meet any of the qualifications, restrictions or requirements for participation in the Missouri regulated marijuana market. It takes credit cards, pays no licensing fee, does not pay any excise tax, does not track the marijuana it sells from seed to sale, does not test products at a state licensed testing facility, does not have or maintain advanced security camera and technology systems, and delivers directly to consumers via third-party delivery services such as Instacart, Uber Eats and Door Dash.

393. In commercial advertising and promotion including on its product packaging, Smoke Zone states that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill. This is a false and misleading representation of fact.

394. The THCa flower and THCa products that Smoke Zone advertises, promotes, distributes and sells to the Missouri public are not hemp but marijuana under federal law and Missouri state law.

395. Smoke Zone is actively, knowingly and purposefully engaged in the large-scale trafficking of a Schedule I Controlled Substance to the public without a state-issued license in violation of Missouri's criminal code, specifically Missouri Revised Statutes § 579.065, Trafficking in the First Degree, a Class A Felony, a fact that Smoke Zone hides from the public by falsely claiming in commercial advertising and promotion that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill.

**Defendant STL Smokeshop**

396. Defendant STL Smokeshop owns and operates a brick-and-mortar location in Hazelwood, Missouri, for the purpose of advertising, promoting, selling and otherwise distributing cannabis flower and products including THCa flower and THCa products to the public.

397. Many of the THCa flower and products promoted and sold by STL Smokeshop are advertised by STL Smokeshop as containing over 30% THCa by dry weight.

398. The THCa flower and other THCa products that STL Smokeshop advertises, promotes and sells to the public as hemp are in fact marijuana. They are chemically identical to each other.

399. STL Smokeshop promotes and advertises THCa flower and THCa products to the public as having the same psychoactive effects as marijuana when heated or smoked.

400. STL Smokeshop promotes and advertises to the public the fact that THCa converts to delta-9 THC when heated or smoked.

401. Under Missouri law, only state-licensed entities are allowed to engage in the cultivation, manufacturing, distribution and sale of marijuana or marijuana products.

402. The legal requirements for participation in the regulated Missouri marijuana market are numerous and mandatory.

403. The cultivation, production, distribution, sale or possession with intent to sell of marijuana in Missouri without a state-issued license is a Class A felony.

404. STL Smokeshop holds no license authorizing it to engage in any way in the cultivation, manufacture, distribution or sale of marijuana, anywhere at any time.

405. STL Smokeshop does not comply with or meet any of the qualifications, restrictions or requirements for participation in the Missouri regulated marijuana market. It takes credit cards, pays no licensing fee, does not pay any excise tax, does not track the marijuana it sells from seed to sale, does not test products at a state licensed testing facility, does not have or maintain advanced security camera and technology systems, and delivers directly to consumers via third-party delivery services such as Instacart, Uber Eats and Door Dash.

406. In commercial advertising and promotion including on its product packaging, STL Smokeshop states that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill. This is a false and misleading representation of fact.

407. The THCa flower and THCa products that STL Smokeshop advertises, promotes, distributes and sells to the Missouri public are not hemp but marijuana under federal law and Missouri state law.

408. STL Smokeshop is actively, knowingly and purposefully engaged in the large-scale trafficking of a Schedule I Controlled Substance to the public without a state-issued license in violation of Missouri's criminal code, specifically Missouri Revised Statutes § 579.065, Trafficking in the First Degree, a Class A Felony, a fact that STL Smokeshop hides from the public by falsely claiming in commercial advertising and promotion that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill.

**Defendant Studio 420**

409. Defendant Studio 420 owns and operates ten brick-and-mortar locations in Illinois and Missouri for the purpose of advertising, promoting, selling and otherwise distributing cannabis flower and products including THCa flower and THCa products to the public.

410. Many of the THCa flower and products promoted and sold by Studio 420 are advertised by Studio 420 as containing over 30% THCa by dry weight.

411. The THCa flower and other THCa products that Studio 420 advertises, promotes and sells to the public as hemp are in fact marijuana. They are chemically identical to each other.

412. Studio 420 promotes and advertises THCa flower and THCa products to the public as having the same psychoactive effects as marijuana when heated or smoked.

413. Studio 420 promotes and advertises to the public the fact that THCa converts to delta-9 THC when heated or smoked.

414. Under Missouri law, only state-licensed entities are allowed to engage in the cultivation, manufacturing, distribution and sale of marijuana or marijuana products.

415. The legal requirements for participation in the regulated Missouri marijuana market are numerous and mandatory.

416. The cultivation, production, distribution, sale or possession with intent to sell of marijuana in Missouri without a state-issued license is a Class A felony.

417. Studio 420 holds no license authorizing it to engage in any way in the cultivation, manufacture, distribution or sale of marijuana, anywhere at any time.

418. Studio 420 does not comply with or meet any of the qualifications, restrictions or requirements for participation in the Missouri regulated marijuana market. It takes credit cards, pays no licensing fee, does not pay any excise tax, does not track the marijuana it sells from seed to sale, does not test products at a state licensed testing facility, does not have or maintain advanced security camera and technology systems, and delivers directly to consumers via third-party delivery services such as Instacart, Uber Eats and Door Dash.

419. In commercial advertising and promotion including on its product packaging, Studio 420 states that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill. This is a false and misleading representation of fact.

420. The THCa flower and THCa products that Studio 420 advertises, promotes, distributes and sells to the Missouri public are not hemp but marijuana under federal law and Missouri state law.

421. Studio 420 is actively, knowingly and purposefully engaged in the large-scale trafficking of a Schedule I Controlled Substance to the public without a state-issued license in violation of Missouri's criminal code, specifically Missouri Revised Statutes § 579.065, Trafficking in the First Degree, a Class A Felony, a fact that Studio 420 hides from the public by falsely claiming in commercial advertising and promotion that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill.

**Defendant Tammy's Smokeville**

422. Defendant Tammy's Smokeville owns and operates a brick-and-mortar location in Florissant, Missouri, for the purpose of advertising, promoting, selling and otherwise distributing cannabis flower and products including THCa flower and THCa products to the public.

423. Many of the THCa flower and products promoted and sold by Tammy's Smokeville are advertised by Tammy's Smokeville as containing over 30% THCa by dry weight.

69

424. The THCa flower and other THCa products that Tammy's Smokeville advertises, promotes and sells to the public as hemp are in fact marijuana. They are chemically identical to each other.

425. Tammy's Smokeville promotes and advertises THCa flower and THCa products to the public as having the same psychoactive effects as marijuana when heated or smoked.

426. Tammy's Smokeville promotes and advertises to the public the fact that THCa converts to delta-9 THC when heated or smoked.

427. Under Missouri law, only state-licensed entities are allowed to engage in the cultivation, manufacturing, distribution and sale of marijuana or marijuana products.

428. The legal requirements for participation in the regulated Missouri marijuana market are numerous and mandatory.

429. The cultivation, production, distribution, sale or possession with intent to sell of marijuana in Missouri without a state-issued license is a Class A felony.

430. Tammy's Smokeville holds no license authorizing it to engage in any way in the cultivation, manufacture, distribution or sale of marijuana, anywhere at any time.

431. Tammy's Smokeville does not comply with or meet any of the qualifications, restrictions or requirements for participation in the Missouri regulated marijuana market. It takes credit cards, pays no licensing fee, does not pay any excise tax, does not track the marijuana it sells from seed to sale, does not test products at a state licensed testing facility, does not have or maintain advanced security camera and technology systems, and delivers

70

directly to consumers via third-party delivery services such as Instacart, Uber Eats and Door Dash.

432. In commercial advertising and promotion including on its product packaging, Tammy's Smokeville states that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill. This is a false and misleading representation of fact.

433. The THCa flower and THCa products that Tammy's Smokeville advertises, promotes, distributes and sells to the Missouri public are not hemp but marijuana under federal law and Missouri state law.

434. Tammy's Smokeville is actively, knowingly and purposefully engaged in the large-scale trafficking of a Schedule I Controlled Substance to the public without a state-issued license in violation of Missouri's criminal code, specifically Missouri Revised Statutes § 579.065, Trafficking in the First Degree, a Class A Felony, a fact that Tammy's Smokeville hides from the public by falsely claiming in commercial advertising and promotion that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill.

**Defendant TFT Smokeshop**

435. Defendant TFT Smokeshop owns and operates a brick-and-mortar location in Florissant, Missouri, for the purpose of advertising, promoting, selling and otherwise distributing cannabis flower and products including THCa flower and THCa products to the public.

71

436. Many of the THCa flower and products promoted and sold by TFT Smokeshop are advertised by TFT Smokeshop as containing over 30% THCa by dry weight.

437. The THCa flower and other THCa products that TFT Smokeshop advertises, promotes and sells to the public as hemp are in fact marijuana. They are chemically identical to each other.

438. TFT Smokeshop promotes and advertises THCa flower and THCa products to the public as having the same psychoactive effects as marijuana when heated or smoked.

439. TFT Smokeshop promotes and advertises to the public the fact that THCa converts to delta-9 THC when heated or smoked.

440. Under Missouri law, only state-licensed entities are allowed to engage in the cultivation, manufacturing, distribution and sale of marijuana or marijuana products.

441. The legal requirements for participation in the regulated Missouri marijuana market are numerous and mandatory.

442. The cultivation, production, distribution, sale or possession with intent to sell of marijuana in Missouri without a state-issued license is a Class A felony.

443. TFT Smokeshop holds no license authorizing it to engage in any way in the cultivation, manufacture, distribution or sale of marijuana, anywhere at any time.

444. TFT Smokeshop does not comply with or meet any of the qualifications, restrictions or requirements for participation in the Missouri regulated marijuana market. It takes credit cards, pays no licensing fee, does not pay any excise tax, does not track the marijuana it sells from seed to sale, does not test products at a state licensed testing facility, does not have or maintain advanced security camera and technology systems, and delivers

directly to consumers via third-party delivery services such as Instacart, Uber Eats and Door Dash.

445. In commercial advertising and promotion including on its product packaging, TFT Smokeshop states that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill. This is a false and misleading representation of fact.

446. The THCa flower and THCa products that TFT Smokeshop advertises, promotes, distributes and sells to the Missouri public are not hemp but marijuana under federal law and Missouri state law.

447. TFT Smokeshop is actively, knowingly and purposefully engaged in the large-scale trafficking of a Schedule I Controlled Substance to the public without a state-issued license in violation of Missouri's criminal code, specifically Missouri Revised Statutes § 579.065, Trafficking in the First Degree, a Class A Felony, a fact that TFT Smokeshop hides from the public by falsely claiming in commercial advertising and promotion that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill.

**Defendant Tribble Vapors**

448. Defendant Tribble Vapors owns and operates a brick-and-mortar location in St. Louis, Missouri, for the purpose of advertising, promoting, selling and otherwise distributing cannabis flower and products including THCa flower and THCa products to the public.

449. Many of the THCa flower and products promoted and sold by Tribble Vapors are advertised by Tribble Vapors as containing over 30% THCa by dry weight.

73

450. The THCa flower and other THCa products that Tribble Vapors advertises, promotes and sells to the public as hemp are in fact marijuana. They are chemically identical to each other.

451. Tribble Vapors promotes and advertises THCa flower and THCa products to the public as having the same psychoactive effects as marijuana when heated or smoked.

452. Tribble Vapors promotes and advertises to the public the fact that THCa converts to delta-9 THC when heated or smoked.

453. Under Missouri law, only state-licensed entities are allowed to engage in the cultivation, manufacturing, distribution and sale of marijuana or marijuana products.

454. The legal requirements for participation in the regulated Missouri marijuana market are numerous and mandatory.

455. The cultivation, production, distribution, sale or possession with intent to sell of marijuana in Missouri without a state-issued license is a Class A felony.

456. Tribble Vapors holds no license authorizing it to engage in any way in the cultivation, manufacture, distribution or sale of marijuana, anywhere at any time.

457. Tribble Vapors does not comply with or meet any of the qualifications, restrictions or requirements for participation in the Missouri regulated marijuana market. It takes credit cards, pays no licensing fee, does not pay any excise tax, does not track the marijuana it sells from seed to sale, does not test products at a state licensed testing facility, does not have or maintain advanced security camera and technology systems, and delivers directly to consumers via third-party delivery services such as Instacart, Uber Eats and Door Dash.

458.  In commercial advertising and promotion including on its product packaging, Tribble Vapors states that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill. This is a false and misleading representation of fact.

459.  The THCa flower and THCa products that Tribble Vapors advertises, promotes, distributes and sells to the Missouri public are not hemp but marijuana under federal law and Missouri state law.

460.  Tribble Vapors is actively, knowingly and purposefully engaged in the large-scale trafficking of a Schedule I Controlled Substance to the public without a state-issued license in violation of Missouri's criminal code, specifically Missouri Revised Statutes § 579.065, Trafficking in the First Degree, a Class A Felony, a fact that Tribble Vapors hides from the public by falsely claiming in commercial advertising and promotion that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill.

**Defendant Vapor 100**

461.  Defendant Vapor 100 owns and operates a chain of brick-and-mortar locations across the country including in Missouri for the purpose of advertising, promoting, selling and otherwise distributing cannabis flower and products including THCa flower and THCa products to the public.

462.  Many of the THCa flower and products promoted and sold by Vapor 100 are advertised by Vapor 100 as containing over 30% THCa by dry weight.

75

463. The THCa flower and other THCa products that Vapor 100 advertises, promotes and sells to the public as hemp are in fact marijuana. They are chemically identical to each other.

464. Vapor 100 promotes and advertises THCa flower and THCa products to the public as having the same psychoactive effects as marijuana when heated or smoked.

465. Vapor 100 promotes and advertises to the public the fact that THCa converts to delta-9 THC when heated or smoked.

466. Under Missouri law, only state-licensed entities are allowed to engage in the cultivation, manufacturing, distribution and sale of marijuana or marijuana products.

467. The legal requirements for participation in the regulated Missouri marijuana market are numerous and mandatory.

468. The cultivation, production, distribution, sale or possession with intent to sell of marijuana in Missouri without a state-issued license is a Class A felony.

469. Vapor 100 holds no license authorizing it to engage in any way in the cultivation, manufacture, distribution or sale of marijuana, anywhere at any time.

470. Vapor 100 does not comply with or meet any of the qualifications, restrictions or requirements for participation in the Missouri regulated marijuana market. It takes credit cards, pays no licensing fee, does not pay any excise tax, does not track the marijuana it sells from seed to sale, does not test products at a state licensed testing facility, does not have or maintain advanced security camera and technology systems, and delivers directly to consumers via third-party delivery services such as Instacart, Uber Eats and Door Dash.

471. In commercial advertising and promotion including on its product packaging, Vapor 100 states that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill. This is a false and misleading representation of fact.

472. The THCa flower and THCa products that Vapor 100 advertises, promotes, distributes and sells to the Missouri public are not hemp but marijuana under federal law and Missouri state law.

473. Vapor 100 is actively, knowingly and purposefully engaged in the large-scale trafficking of a Schedule I Controlled Substance to the public without a state-issued license in violation of Missouri's criminal code, specifically Missouri Revised Statutes § 579.065, Trafficking in the First Degree, a Class A Felony, a fact that Vapor 100 hides from the public by falsely claiming in commercial advertising and promotion that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill.

**Defendant Xhale**

474. Defendant Xhale owns and operates a brick-and-mortar location in Florissant, Missouri, under the name Xhale & Exquisite Smokeshop for the purpose of advertising, promoting, selling and otherwise distributing cannabis flower and products including THCa flower and THCa products to the public.

475. Many of the THCa flower and products promoted and sold by Xhale are advertised by Xhale as containing over 30% THCa by dry weight.

476. The THCa flower and other THCa products that Xhale advertises, promotes and sells to the public as hemp are in fact marijuana. They are chemically identical to each other.

477. Xhale promotes and advertises THCa flower and THCa products to the public as having the same psychoactive effects as marijuana when heated or smoked.

478. Xhale promotes and advertises to the public the fact that THCa converts to delta-9 THC when heated or smoked.

479. Under Missouri law, only state-licensed entities are allowed to engage in the cultivation, manufacturing, distribution and sale of marijuana or marijuana products.

480. The legal requirements for participation in the regulated Missouri marijuana market are numerous and mandatory.

481. The cultivation, production, distribution, sale or possession with intent to sell of marijuana in Missouri without a state-issued license is a Class A felony.

482. Xhale holds no license authorizing it to engage in any way in the cultivation, manufacture, distribution or sale of marijuana, anywhere at any time.

483. Xhale does not comply with or meet any of the qualifications, restrictions or requirements for participation in the Missouri regulated marijuana market. It takes credit cards, pays no licensing fee, does not pay any excise tax, does not track the marijuana it sells from seed to sale, does not test products at a state licensed testing facility, does not have or maintain advanced security camera and technology systems, and delivers directly to consumers via third-party delivery services such as Instacart, Uber Eats and Door Dash.

484. In commercial advertising and promotion including on its product packaging, Xhale states that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill. This is a false and misleading representation of fact.

485. The THCa flower and THCa products that Xhale advertises, promotes, distributes and sells to the Missouri public are not hemp but marijuana under federal law and Missouri state law.

486. Xhale is actively, knowingly and purposefully engaged in the large-scale trafficking of a Schedule I Controlled Substance to the public without a state-issued license in violation of Missouri's criminal code, specifically Missouri Revised Statutes § 579.065, Trafficking in the First Degree, a Class A Felony, a fact that Xhale hides from the public by falsely claiming in commercial advertising and promotion that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill.

**Defendant ZAZA Smoke Shop**

487. Defendant ZAZA Smoke Shop ("ZAZA") owns and operates a website and a brick-and-mortar location in Lemay, Missouri, for the purpose of advertising, promoting, selling and otherwise distributing cannabis flower and products including THCa flower and THCa products to the public.

488. Many of the THCa flower and products promoted and sold by ZAZA are advertised by ZAZA as containing over 30% THCa by dry weight.

489. The THCa flower and other THCa products that ZAZA advertises, promotes and sells to the public as hemp are in fact marijuana. They are chemically identical to each other.

490. ZAZA promotes and advertises THCa flower and THCa products to the public as having the same psychoactive effects as marijuana when heated or smoked.

491. ZAZA promotes and advertises to the public the fact that THCa converts to delta-9 THC when heated or smoked.

492. Under Missouri law, only state-licensed entities are allowed to engage in the cultivation, manufacturing, distribution and sale of marijuana or marijuana products.

493. The legal requirements for participation in the regulated Missouri marijuana market are numerous and mandatory.

494. The cultivation, production, distribution, sale or possession with intent to sell of marijuana in Missouri without a state-issued license is a Class A felony.

495. ZAZA holds no license authorizing it to engage in any way in the cultivation, manufacture, distribution or sale of marijuana, anywhere at any time.

496. ZAZA does not comply with or meet any of the qualifications, restrictions or requirements for participation in the Missouri regulated marijuana market. It takes credit cards, pays no licensing fee, does not pay any excise tax, does not track the marijuana it sells from seed to sale, does not test products at a state licensed testing facility, does not have or maintain advanced security camera and technology systems, ships high THC marijuana and marijuana products directly to consumers via FEDEX and UPS, and delivers

directly to consumers via third-party delivery services such as Instacart, Uber Eats and Door Dash.

497. In commercial advertising and promotion including on its product packaging, ZAZA states that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill. This is a false and misleading representation of fact.

498. The THCa flower and THCa products that ZAZA advertises, promotes, distributes and sells to the Missouri public are not hemp but marijuana under federal law and Missouri state law.

499. ZAZA is actively, knowingly and purposefully engaged in the large-scale trafficking of a Schedule I Controlled Substance to the public without a state-issued license in violation of Missouri's criminal code, specifically Missouri Revised Statutes § 579.065, Trafficking in the First Degree, a Class A Felony, a fact that ZAZA hides from the public by falsely claiming in commercial advertising and promotion that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill.

## COUNT 1
### Unfair Competition under 15 U.S.C. § 1125(a)(1)(B)
### (Against All Defendants)

500. Plaintiffs incorporate Paragraphs 1 through 499 as if fully restated here.

501. The Lanham Act, specifically 15 U.S.C. § 1125(a)(1)(B), provides a private right of action to any person likely to be damaged by a false or misleading representation of fact used in commercial advertising or promotion which misrepresents the nature, characteristics or qualities of goods, services or commercial activities.

502. Under Missouri law, only state-licensed entities are allowed to engage in the cultivation, manufacturing, distribution and sale of marijuana or marijuana products.

503. The legal requirements for participation in the regulated Missouri marijuana market are numerous and mandatory.

504. The cultivation, production, distribution, sale or possession with intent to sell of marijuana in Missouri without a state-issued license is a Class A felony.

505. Defendants advertise, promote, distribute and sell THCa flower and THCa products to the public in Missouri.

506. The THCa flower and THCa products that Defendants advertise, promote, distribute and sell to the public are in fact not hemp but marijuana. They are chemically identical to each other.

507. Defendants hold no state-issued license and do not comply with any of the mandatory restrictions and requirements for participation in the Missouri regulated marijuana market.

508. Defendants falsely state in commercial advertising and promotion that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill.

509. Defendants are actively, knowingly and purposefully engaged in the large-scale trafficking of a Schedule I Controlled Substance to the public without a state-issued license in violation of Missouri's criminal code, specifically Missouri Revised Statutes § 579.065, Trafficking in the First Degree, a Class A Felony, a fact that Defendants hide from the public by falsely claiming in commercial advertising and promotion that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill.

510. Defendants have violated and are violating the Lanham Act by falsely stating in commercial advertising and promotion that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill.

511. The false representation of fact by Defendants is made to the public in commercial advertising and promotion in interstate commerce.

512. The false representation of fact by Defendants constitutes false advertising and a violation of the Lanham Act.

513. Plaintiffs are marijuana cultivations, product manufacturers and retail stores that grow, produce, distribute and sell marijuana and marijuana products in Missouri under licenses issued by and under the strict regulation and oversight of the DCR.

514. Plaintiffs have a commercial interest in marijuana sales in Missouri.

515. The false advertising by Defendants deceives potential consumers into believing that THCa flower and THCa products are legal to purchase from Defendants, that Defendants are legal participants in the regulated THCa market, and that Defendants are following all laws, rules and regulations in Missouri for the advertising, promotion, cultivation, production, distribution and sale of THCa.

516. The false advertising by Defendants is likely to influence consumers' purchasing decisions.

517. Defendants' wrongful conduct allows and encourages consumers to purchase THCa flower and THCa products from Defendants outside the regulated marijuana market in Missouri while diverting consumers away from the THCa flower and THCa products sold by Plaintiffs.

518. Consumers have purchased and continue to purchase THCa flower and THCa products from Defendants outside the regulated marijuana market in Missouri instead of the THCa flower and THCa products cultivated, produced, manufactured, distributed and sold by Plaintiffs under the strict regulation and oversight of the DCR.

519. Defendants' wrongful conduct creates an unfair marketplace where Plaintiffs bear the cost of compliance with all the rules and requirements for participation in the Missouri regulated marijuana market – in both expenditures and lost revenue, profits, sales, market share and customers – while Defendants flout all legal restrictions, requirements and oversight.

520. As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs have suffered economic injury including lost sales, lost revenue, lost profits, lost customers and erosion of market share, and were deprived of the benefit of substantial investment in the development, production, manufacturing, distribution and marketing of Plaintiffs' products.

521. As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs have suffered injury to reputation due to consumers confusing Plaintiffs, who must follow strict rules, regulations, standards and guidelines, with Plaintiffs who follow no rules, regulations, standards or guidelines.

522. The wrongful conduct of Defendants continues and will continue to harm Plaintiffs as Defendants are currently engaged in the same conduct and will continue to do so unless and until the Court intervenes.

523. The wrongful conduct of Defendants has caused and continues to cause irreparable injury to Plaintiffs including loss of market share and injury to reputation.

WHEREFORE, Plaintiffs pray for an award of compensatory damages in excess of $75,000, along with the costs of this action including attorney's fees, plus three times actual damages, and disgorgement by Defendants of all profits attributable to the Defendants' false advertising, in addition to a permanent injunction barring the Defendants from marketing, distributing or selling any marijuana or marijuana product in Missouri, including THCa flower or THCa products with a post-decarboxylation delta-9 THC content of more than .3% by dry weight unless or until Defendants gain a state-issued license to do so.

## COUNT 2
### Unfair Competition under the Restatement (Third) of Unfair Competition
### (Against All Defendants)

524.  Plaintiffs incorporate Paragraphs 1 through 523 as if restated here.

525.  Missouri recognizes the common law tort of Unfair Competition.

526.  Missouri recognizes the Restatement (Third) of Unfair Competition.

527.  Under the Restatement, liability for Unfair Competition generally exists when acts or practices of the actor are determined to be actionable as an unfair method of competition, considering the nature of the conduct and its likely effect on both the person seeking relief and the public. Restatement (Third) of Unfair Competition § 1 General Principles (1995). Action can be judged unfair when it substantially conflicts with accepted principles of public policy recognized by statute or common law. *Id.*, comment g.

85

528. Article 14 of the Missouri Constitution governs almost every aspect of the cultivation, production, distribution and sale of all marijuana in the state.

529. Article 14 was voted on and passed by the voting public of Missouri.

530. The regulations promulgated by the DCR under Article 14 are 43 pages, single-spaced, double column in small font. Together, these laws constitute the public policy of Missouri as enacted by the people and the state.

531. All the standards and requirements in Article 14 and the regulations under it are mandatory for participation in the regulated Missouri marijuana market.

532. Under Missouri law, only state-licensed entities are allowed to engage in the cultivation, production, distribution and wholesale and retail sale of marijuana or marijuana products.

533. The cultivation, production, sale or possession with intent to sell of marijuana in Missouri without a state-issued license is a Class A felony.

534. Defendants advertise, promote, distribute and sell THCa flower and THCa products to the public in Missouri.

535. The THCa flower and THCa products that Defendants advertise, promote, distribute and sell to the public are in fact not hemp but marijuana. They are chemically identical to each other.

536. Defendants hold no state-issued license and do not comply with any of the mandatory restrictions and requirements for participation in the Missouri regulated marijuana market.

537.  Defendants falsely state in commercial advertising and promotion that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill.

538.  Defendants are actively, knowingly and purposefully engaged in the large-scale trafficking of a Schedule I Controlled Substance to the public without a state-issued license in violation of Missouri's criminal code, specifically Missouri Revised Statutes § 579.065, Trafficking in the First Degree, a Class A Felony, a fact that Defendants hide from the public by falsely claiming in commercial advertising and promotion that THCa flower and THCa products are hemp and legal for sale under the 2018 Farm Bill.

539.  Defendants conduct substantially conflicts with accepted principles of public policy recognized by statute in Missouri.

540.  Defendants are engaged in deceptive trade practices and false advertising.

541.  Defendants conduct constitutes the common law tort of Unfair Competition in Missouri.

542.  Plaintiffs are marijuana cultivations, product manufacturers and retail stores that grow, produce, distribute and sell marijuana and marijuana products in Missouri under licenses issued by and under the strict regulation and oversight of the DCR.

543.  The false advertising and deceptive trade practices by Defendants deceive potential consumers into believing that THCa flower and THCa products are legal to purchase from Defendants, that Defendants are legal participants in the regulated THCa market, and that Defendants are following all laws, rules and regulations in Missouri for the advertising, promotion, cultivation, production, distribution and sale of THCa.

87

544. Defendants' tortious conduct allows and encourages consumers to purchase THCa flower and THCa products from Defendants outside the regulated marijuana market in Missouri while diverting consumers away from the THCa flower and THCa products sold by Plaintiffs.

545. Consumers have purchased and continue to purchase THCa flower and THCa products from Defendants outside the regulated marijuana market in Missouri instead of the THCa flower and THCa products cultivated, produced, manufactured, distributed and sold by Plaintiffs under the strict regulation and oversight of the DCR.

546. Defendants' tortious conduct creates an unfair marketplace where Plaintiffs bear the cost of compliance with all the rules and requirements for participation in the Missouri regulated marijuana market – in both expenditures and lost revenue, profits, sales, market share and customers – while Defendants flout all legal restrictions, requirements and oversight.

547. As a direct and proximate result of Defendants' tortious conduct, Plaintiffs have suffered economic injury including lost sales, lost revenue, lost profits, lost customers and erosion of market share, and were deprived of the benefit of substantial investment in the development, production, manufacturing, distribution and marketing of Plaintiffs' products.

548. As a direct and proximate result of Defendants' tortious conduct, Plaintiffs have suffered injury to reputation due to consumers confusing Plaintiffs, who must follow strict rules, regulations, standards and guidelines, with Plaintiffs who follow no rules, regulations, standards or guidelines.

549. The tortious conduct of Defendants continues and will continue to harm Plaintiffs as Defendants are currently engaged in the same conduct and will continue to do so unless and until the Court intervenes.

550. The tortious conduct of Defendants has caused and continues to cause irreparable injury to Plaintiffs including loss of market share and injury to reputation.

551. The Defendants willfully, wantonly, and maliciously injured Plaintiffs by their tortious acts.

WHEREFORE, Plaintiffs pray for an award of compensatory and punitive damages in an amount in excess of $75,000, along with the costs of this action, and disgorgement by Defendants of all profits attributable to Defendants' unfair and unlawful conduct and deceptive trade practices, in addition to a permanent injunction barring the Defendants from marketing, distributing or selling any marijuana or marijuana product in Missouri, including THCa flower or THCa products with a post-decarboxylation delta 9 tetrahydrocannabinol content of more than .3% by dry weight unless or until Defendants gain a state-issued license to do so.

### Jury Demand

Plaintiffs demand trial by a jury of twelve members on all issues so triable.

Respectfully submitted,

Joseph Hollander & Craft LLC

*Attorneys for Plaintiffs*

By:   /s/ Christopher M. McHugh (51260)
cmchugh@josephhollander.com
926 Cherry Street
Kansas City, MO 64106
P: (816) 673-3900

### Certificate of Service

On Thursday, May 21, 2026, I filed the foregoing *Amended Complaint* with the Clerk of the Court using the Court's ECF/Electronic Filing System which will deliver notice to attorneys:

Joshua M. Schindler at josh@schindlerlawfirm.com
Brian P. Doty at bpdoty@gmail.com
Kyle Christopher Westbrook at kcw@mylaw.com
Jay Kanzler at jaykanzler@wkllc.com

By:   /s/ Christopher M. McHugh